Dario de Ghetaldi - Bar No. 126782
Jerry E. Nastari - Bar No. 151756
Amanda L. Riddle - Bar No. 215221
COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
700 El Camino Real
P.O. Box 669
Millbrae, California 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144

Colleen Duffy Smith - Bar No. 161163
Michael G. Reedy - Bar No. 161002
MCMANIS, FAULKNER & MORGAN
50 West San Fernando Street, Suite 1000
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

Plaintiffs' Co-Counsel
[Other Counsel on Signature Page]



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COUNTY OF SANTA CRUZ, COUNTY OF
SONOMA, COUNTY OF SANTA
BARBARA, COUNTY OF MARIN,
COUNTY OF SAN DIEGO, COUNTY OF
SAN LUIS OBISPO, and the COUNTY OF
MONTEREY,

        Plaintiffs,

vs.

CENTERS FOR MEDICARE AND
MEDICAID SERVICES,

        Defendants.

CASE NO.   C 07  2889

**COMPLAINT FOR INJUNCTIVE
RELIEF**

**FREEDOM OF INFORMATION ACT
[5 U.S.C. § 552(a)(3)(A)]**

## COMPLAINT FOR INJUNCTIVE RELIEF

    1.    This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA")
for injunctive and other appropriate relief to compel the disclosure and release of documents
improperly withheld from Plaintiffs by the Centers for Medicare and Medicaid Services.

/ / /

1

**JURISDICTION AND VENUE**

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies with respect to both the December 11, 2007, and January 30, 2007, FOIA requests because Defendant CMS failed to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6).

**PARTIES**

4.     Plaintiff County of Santa Cruz is a political subdivision of the State of California. The Board of Supervisors of the County of Santa Cruz is both the legislative and executive authority of the county and has authorized this action.

5.     Plaintiff County of Sonoma is a political subdivision of the State of California.  The Board of Supervisors of the County of Sonoma is both the legislative and executive authority of the county and has authorized this action.

6.     Plaintiff County of Marin is a political subdivision of the State of California.  The Board of Supervisors of the County of Marin is both the legislative and executive authority of the county and has authorized this action.

7.     Plaintiff County of San Diego is a political subdivision of the State of California. The Board of Supervisors of the County of San Diego is both the legislative and executive authority of the county and has authorized this action.

8.     Plaintiff County of Santa Barbara is a political subdivision of the State of California. The Board of Supervisors of the County of Santa Barbara both the legislative and executive authority of the county and has authorized this action.

9.     Plaintiff County of San Luis Obispo is a political subdivision of the State of California.  The Board of Supervisors of the County of San Luis Obispo is both the legislative and executive authority of the county and has authorized this action.

/  /  /

/  /  /

2

10.     Plaintiff County of Monterey is a political subdivision of the State of California. The Board of Supervisors of the County of Monterey is both the legislative and executive authority of the county and has authorized this action.

11.     Defendant Center for Medicare and Medicaid Services ("CMS") is the agency responsible for the administration of Medicare. CMS is an agency within the definition stated in 5 U.S.C. § 552(f) and has direction, control, and access to the documents at issue in this matter.

## STATEMENT OF FACTS

### Plaintiffs' FOIA Request Dated December 11, 2006

12.     On December 12, 2006, Plaintiffs submitted a written request to CMS pursuant to FOIA requesting various documents containing specific information related to CMS' physician fee schedule system.[1]  Pursuant to CMS' FOIA request procedure, the request was sent by facsimile to CMS' Freedom of Information Group ("FIG") in Baltimore, Maryland.  A true and correct copy of Plaintiffs' FOIA request is attached hereto as Exhibit A.

13.     In summary, Plaintiffs' FOIA initial request sought documents described in Exhibit A containing the following data used by CMS to calculate fees it paid to physicians and other suppliers who performed "medical and other health services" as that term is defined in 42 U.S.C. § 1395x(s) to Medicare beneficiaries under United States Code, Title 42, Chapter 7, Subchapter XVIII, Part B, "Health Insurance for Aged and Disabled":

(A) the Geographic Practice Cost Indexes ("GPCIs") as that term is defined in 42 U.S.C. § 1395w-4(e)(1) for each county and "locality" in the United States for each year from 1999 to the present;

(B) the budget neutral scaler used to modify the GPCIs for each county and "locality" in the United States for each year from 1999 to the present;

(C) the Relative Value Units ("RVUs") as that term is defined in 42 U.S.C. § 1395w-4(c) for each county and "locality" in the United States for each year from 1999 to the present;

---

[1]  The request is dated December 11, 2006, but was faxed on December 12, 2006.

3

(D) the Geographic Adjustment Factors ("GAFs") as that term is defined in 42 U.S.C. § 1395w-4(e)(2) for each county and "locality" in the United States for each year from 1999 to the present; and

(E) the Conversion Factors ("CFs") as that term is defined in 42 U.S.C. § 1395w-4(d) for each county and "locality" in the United States for each year from 1999 to the present.

14.    After receiving no response or acknowledgment of receipt of the FOIA request from CMS, on January 12, 2007, Plaintiffs' counsel wrote a letter to FIG pointing out that the 20 business day response period specified in 5 U.S.C. §552(a)(6)(A) had lapsed with no communication from CMS regarding the request.  Plaintiffs' counsel requested advisement as to whether the request had been granted, denied or whether the response time had been extended.  A true and correct copy of the January 12, 2007, letter is attached hereto as Exhibit B.

15.    On or about January 22, 2007, having received no response from FIG, Plaintiffs' counsel phoned FIG and was informed that the request had been assigned to Danean Jones-Holman and given the reference number C07FOI0597(DJH).

16.    On January 26, 2007, Plaintiffs' counsel spoke with Ms. Holman by telephone.  Ms. Holman informed Plaintiffs' counsel that the December 11, 2006, FOIA request was assigned to her on January 22, 2007.  Ms. Holman stated that she had forwarded the request to the division of CMS that she believed had or could locate the responsive documents (the "Search Component"), and was waiting for an itemized estimate for the cost of the search and production of the responsive documents.  Ms. Holman estimated that this process would take 10 days.  Ms. Holman stated that based on the volume of the documents requested, Plaintiffs would likely be required to make an advance payment for the cost of production, and that she would forward the itemized cost estimate to Plaintiffs' counsel once she received it from the Search Component.  To date, Plaintiffs' counsel have not been provided with an itemized cost estimate.

17.    On or about January 26, 2007, Plaintiffs' counsel received a letter from FIG acknowledging receipt of the FOIA request, but which contained no indication that the statutory

/ / /

4

1  response time had been extended.  A true and correct copy of FIG's January 26, 2007, letter is
2  attached hereto as Exhibit C.

3      18.    On February 9, 2007, Plaintiffs' counsel left Ms. Holman a voicemail message
4  inquiring about the status of the FOIA request.

5      19.    On February 13, 2007, Ms. Holman left Plaintiffs' counsel a voicemail message
6  stating that she was still waiting for the Search Component to provide her a response to the request
7  or an itemized cost estimate.  Ms. Holman stated that she sent follow-up emails to the Search
8  Component on February 6, 2007, and February 12, 2007.

9      20.    On February 28, 2007, Plaintiffs' counsel left a voicemail for Ms. Holman requesting
10  a status report.

11      21.    On March 1, 2007, Plaintiffs' counsel received a voicemail from Ms. Holman stating
12  that she had sent a second request to the Search Component for a response to the FOIA request and
13  an itemized cost estimate.

14      22.    On March 12, 2007, Plaintiffs' counsel left a voicemail for Ms. Holman requesting
15  a status report.

16      23.    On March 15, 2007, Plaintiffs' counsel left Ms. Holman a voicemail informing her
17  that Plaintiffs' had now filed a claim against CMS and that the documents requested in the FOIA
18  request were pertinent to that claim.

19      24.    Having received no response from Ms. Holman, on March 21, 2007, Plaintiffs'
20  counsel left Ms. Holman another voicemail explaining that the documents requested in the FOIA
21  request were related to a legal claim filed against CMS.

22      25.    On March 26, 2007, Ms. Holman left Plaintiffs' counsel a voicemail stating that the
23  Search Component is still searching for the responsive documents and that she expects a status
24  report from the Search Component that afternoon.

25      26.    On or about April 3, 2007, Plaintiffs' counsel received information that Stephanie
26  Monroe of CMS may have knowledge of the whereabouts of the documents sought in the FOIA
27  request and could be of assistance with the search.

28  /  /  /

27.     On April 3, 2007, Plaintiffs' counsel left Ms. Holman a voicemail providing her with Ms. Monroe's contact information and requesting that she contact Ms. Monroe to assist with the search for the responsive documents.

28.     On or about April 12, 2007, Plaintiffs' counsel spoke with Ms. Monroe by telephone. Ms. Monroe informed Plaintiffs' counsel that she had seen a copy of the FOIA request and that the information sought "does not exist." Ms. Monroe stated that CMS does not keep GPCI and GAF data at the county level, only at the payment locality level, and that it does not keep data as far back as 1999.

29.     During that telephone conversation, Plaintiffs' counsel informed Ms. Monroe that Plaintiffs are in possession of a detailed document created by CMS which shows the 2006 GPCI, GAF, and RVU data for each county in the United States. This document was provided by CMS to the California Medical Association and shows that CMS does indeed maintain such data at the county level. Ms. Monroe stated that she is familiar with the document and that it is "not official data," that it was "an experiment and not intended for publication," and that it was created by a CMS contractor making a lot of assumptions.

30.     Plaintiffs' counsel and Ms. Monroe spoke again later on that same day. At that time Ms. Monroe contradicted her prior statement, admitting that CMS does indeed have actual county level GPCI and GAF data for 220 counties in the United States and that the remaining counties are given a weighted average based on that data. As a result, Ms. Monroe stated, "much has been done incorrectly." Ms. Monroe further stated that county level data was not used in the computation of payment locality GPCI and GAF numbers.

31.     Plaintiffs' counsel reminded Ms. Monroe that the FOIA request also seeks payment locality data, and that Ms. Monroe's comments clearly indicate that CMS possesses responsive documents or information to those portions of the request. Ms. Monroe stated that the best source of the information sought is the public information listed in the Federal Register. Ms. Monroe stated that if she receives a request from FIG to respond to the FOIA request she will simply photocopy the data in the addenda of the Federal Register and produce the copies. When Plaintiffs' counsel

/  /  /

6

1    inquired about the underlying data that was used in the calculation of the figures in the Federal

2    Register, Ms. Monroe stated that "[she] does not have it and no one else [she] know[s] has it."

3         32.     On April 18, 2007, Plaintiffs' counsel sent a letter to Ms. Holman stating that it is

4    imperative that CMS provide an official response to the FOIA request immediately. A true and

5    correct copy of the April 18, 2007, letter is attached hereto as Exhibit D.

6         33.     On April 20, 2007, Ms. Holman telephoned Plaintiffs' counsel and stated that she has

7    contacted the Search Component on a number of occasions regarding the status of the request, but

8    has not yet received a response in writing. Ms. Holman informed Plaintiffs' counsel that she had

9    been authorized to inform Plaintiffs' counsel that the Search Component is the Center for Medicare

10    Management ("CMM") and the FOIA coordinator for CMM is Jonnice McQuay.

11        34.     Ms. Holman stated that she has spoken with Ms. McQuay who had indicated that

12    certain items on the request were available, but that despite Ms. Holman's efforts she has been

13    unable to secure a written response from CMM. Ms. Holman was unable to provide a date certain

14    for response to the request and stated that she did not know why CMM was delayed in its response.

15        35.     Plaintiffs' counsel then telephoned and left a voicemail for Ms. McQuay seeking a

16    response to the FOIA request. Ms. McQuay never responded to the voicemail.

17        36.     On or about April 20, 2007, Plaintiffs' counsel sent a letter to Ms. Holman and Ms.

18    McQuay, confirming the earlier telephone conversation with Ms. Holman and accurately

19    summarizing both of her April 12, 2007, telephone conversations with Ms. Monroe. Plaintiffs'

20    counsel again requested an immediate response to the FOIA request. A true and correct copy of the

21    April 20, 2007, letter is attached hereto as Exhibit E.

22        37.     On May 3, 2007, having received no response to Exhibit E, Plaintiffs' counsel again

23    wrote to Ms. Holman and Ms. McQuay, enclosing a CD containing the document created by CMS

24    and sent to the CMA that details 2006 county-level data for each county in the United States. A true

25    and correct copy of the letter of May 3, 2007, and the CD are attached hereto as Exhibit F.

26        38.     To date, Plaintiffs have received no written response from CMS to their initial FOIA

27    request, or any documents responsive thereto.

28    / / /

1      **Plaintiffs' FOIA Request Dated January 30, 2007**

2      39.   On January 30, 2007, Plaintiffs' submitted a second, related FOIA request to FIG.

3   The request was submitted by facsimile pursuant to CMS procedure.  To date, there has be no

4   response, or even an acknowledgment of receipt, from FIG regarding this request.  A true and

5   correct copy of the January 30, 2007, request is attached hereto as Exhibit G.

6      40.   In summary, Plaintiffs' second FOIA request sought documents which detailed the

7   method by which RVU-weighted GPCIs were modified in 1996 to create statewide budget neutral

8   GPCIs for application in 1997 (*see* 61 FR 59494).

9      41.   On March 12, 2007, Plaintiffs' counsel left a voicemail on the FIG main voicemail

10   requesting a status on their second FOIA request.  Plaintiffs' counsel received no response.

11      42.   On March 21, 2007, Plaintiffs' counsel left a voicemail on the FIG main voicemail

12   requesting a status on their second FOIA request.  Plaintiffs' counsel received no response.

13      43.   On or about April 18, 2007, Plaintiffs' counsel sent a letter to FIG indicating that the

14   20 business day response period had lapsed with no communication or response from FIG.  The

15   letter explained that the documents requested were pertinent to a legal proceeding, and that it is

16   imperative that a response to the second FOIA request be provided as soon as possible.  A true and

17   correct copy of the April 18, 2007, letter is attached hereto as Exhibit H.  Plaintiffs' counsel received

18   no response to this letter.

19      **FIRST CLAIM FOR RELIEF**

20      (Violation of Freedom of Information Act (5 U.S.C. § 552) for

21      Wrongfully Withholding Agency Records)

22      44.   Plaintiffs hereby incorporate Paragraphs 1 through 40 by reference as though fully

23   set forth herein.

24      45.   Defendant CMS has wrongfully withheld documents, or documents containing the

25   information, requested in Plaintiffs' December 11, 2007, and January 30, 2007, FOIA requests.

26      46.   Defendant CMS has direction, control and access to the documents requested in both

27   the December 11, 2007, and January 30, 2007, FOIA requests.

28   /  /  /

8

47. Defendant CMS violated 5 U.S.C. § 552(a)(3)(A) by failing to make promptly available the records requested by Plaintiffs.

48. Defendant CMS violated 5 U.S.C. § 552(a)(3)(B) by failing to provide all records that are readily reproducible by the agency in the form or format requested by Plaintiffs.

49. Defendant CMS violated 5 U.S.C. § 552(a)(3)(C) by failing to make a reasonable effort to search for the records requested in Plaintiffs December 11, 2007, and January 30, 2007, FOIA requests.

50. Defendant CMS violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to Plaintiffs December 11, 2007, and January 30, 2007, FOIA requests.

51. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies with respect to both the December 11, 2007, and January 30, 2007, FOIA requests because Defendant CMS failed to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6).

52. Plaintiffs are entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that this Court:

A. Issue an order compelling Defendant to immediately respond to Plaintiffs FOIA requests of December 11, 2006, and January 30, 2007, in their entirety, and immediately disclose all responsive documents in their entirety;

B. Award Plaintiffs costs and reasonable attorneys' fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E);

C. Grant such other and further relief as this Court may deem just and proper.

Dated: June 4, 2007

COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

By: _____
      AMANDA L. RIDDLE, ESQ.,
      Attorneys for Plaintiffs

9

1

**ADDITIONAL COUNSEL FOR PLAINTIFFS**

2
Dana M. McRae - Bar No. 142231
Santa Cruz County Counsel
3
Office of the County Counsel
Government Center, County of Santa Cruz
4
701 Ocean Street, Room 505
Santa Cruz, CA 95060
5
Tel: 831-454-2040
Fax: 831-454-2115
6
Attorneys for the County of Santa Cruz

7
Steven M. Woodside - Bar No. 58684
Sonoma County Counsel
8
Office of the County Counsel
575 Administration Drive, Suite 105A
9
Santa Rosa, CA 95403
Tel: 707-565-2421
10
Fax: 707-565-2624
Attorneys for the County of Sonoma
11

John J. Sansone - Bar No. 103060
12
San Diego County Counsel
Office of the County Counsel
13
County Administration Center
1600 Pacific Highway, Room 355
14
San Diego, CA 92101
Tel:619-531-4860
15
Fax: 619-531-6005
Attorneys for the County of San Diego
16

Patrick K. Faulkner - Bar No. 70801
17
Marin County Counsel
Jack F. Govi - Bar No. 88483
18
Assistant Marin County Counsel
Mari-Ann Gibbs Rivers - Bar No. 117053
19
Deputy Marin County Counsel
Office of the County Counsel
20
3501 Civic Center Drive, Suite 303
San Rafael, CA 94903
21
Tel: 415-499-6117
Fax: 415-499-3796
22
Attorneys for the County of Marin

23
Stephen Shane Stark - Bar No. 63779
Santa Barbara County Counsel
24
Celeste E. Andersen - Bar No. 141965
Deputy Santa Barbara County Counsel
25
Office of the County Counsel
105 East Anapamu, Suite 201
26
Santa Barbara, CA 93101
Tel: 805-568-2950
27
Fax: 805-568-2982
Attorneys for the County of Santa Barbara

28

James B. Lindholm - Bar No. 43513
San Luis Obispo County Counsel
Patricia Gomez - Bar No. 122536
Deputy San Luis Obispo County Counsel
Office of the County Counsel
1055 Monterey Street, Suite D320
San Luis Obispo, CA 93408
Tel: 805-781-5400
Fax: 805-781-4221
Attorneys for the County of San Luis Obispo

Charles J. McKee - Bar No. 152458
Monterey County Counsel
William M. Litt - Bar No. 166614
Deputy Monterey County Counsel
Office of the County Counsel
168 West Alisal Street, 3rd Floor
Salinas, CA 93901
Tel: 831-755-5045
Fax: 831-755-5283
Attorneys for the County of Monterey

10

**INDEX TO EXHIBITS**

A.   12/11/2006 Initial FOIA Request

B.   1/12/2007 Letter to CMS Freedom of Information Group ("FIG") re Ex. A

C.   1/26/2007 Letter from FIG Acknowledging Receipt of Ex. A

D.   4/18/2007 Letter to FIG

E.   4/20/2007 Letter to FIG and FOIA Group for Center for Medicare Management ("CMM")

F.   5/3/2007 Letter to FIG and CMM with Attached CD Containing CMS Excel File

G.   1/30/2007 Second FOIA Request

H.   4/18/2007 Letter to FIG re Exhibit G

EXHIBIT A



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

December 11, 2006

**BY FACSIMILE ONLY**

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
Room N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:     Freedom of Information Act

Dear Freedom of Information Group:

This is a request under the Freedom of Information Act. I request that a copy of the following documents, or documents containing the requested information, be provided to me, preferably in the form of an Excel spreadsheet if available.

**The following requests ## 1 - 16 seek information contained in CMS indexes established pursuant to 42 U.S.C. § 1395w-4(e)(1) reflecting the three Geographic Practice Cost Indexes ("GPCI") for physicians' services described in 42 U.S.C. § 1395w-5(e)(1)(A):**

1.     A document which contains the GPCI for physician work effort for each county in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

2.     A document which contains the GPCI for physician practice expense for each county in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

3.     A document which contains the GPCI for physician malpractice expense for each county in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

Centers for Medicare & Medicaid Services
December 7, 2006
Page 2

4.    A document which contains the GPCI for physician work effort for each payment locality in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

5.    A document which contains the GPCI for physician practice expense for each payment locality in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

6.    A document which contains the GPCI for physician malpractice expense for each payment locality in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

7.    A document which contains the national budget neutral scaler used to adjust the GPCI for physician work effort for each year from 1999 to the present.

8.    A document which contains the national budget neutral scaler used to adjust the GPCI for physician practice expense for each year from 1999 to the present.

9.    A document which contains the national budget neutral scaler used to adjust the GPCI for physician malpractice expense for each year from 1999 to the present.

10.    A document which contains the GPCI for physician work effort for each county in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

11.    A document which contains the GPCI for physician practice expense for each county in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

12.    A document which contains the GPCI for physician malpractice expense for each county in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

13.    A document which contains the GPCI for physician work effort for each payment locality in the United States for each year from 1999 to the present prior adjusted by the application of a national budget neutral scaler.

14.    A document which contains the GPCI for physician practice expense for each payment locality in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

Centers for Medicare & Medicaid Services
December 7, 2006
Page 3

15.    A document which contains the GPCI for physician malpractice expense for each payment locality in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

16.    A document which contains the calculations used in the determination of the value of the 2007 adjuster for the GPCI for physician work effort.

**The following requests ## 17 - 22 seek information relating to the three Relative Value Units ("RVU") for physicians' services established pursuant to 42 U.S.C. § 1395w-4(c):**

17.    A document which contains the yearly aggregate RVU for the Work Component for each county in the United States for each year from 1999 to the present.

18.    A document which contains the yearly aggregate RVU for the Practice Expense Component for each county in the United States for each year from 1999 to the present.

19.    A document which contains the yearly aggregate RVU for the Malpractice Component for each county in the United States for each year from 1999 to the present.

20.    A document which contains the yearly aggregate RVU for the Work Component for each payment locality in the United States for each year from 1999 to the present.

21.    A document which contains the yearly aggregate RVU for the Practice Expense Component for each payment locality in the United States for each year from  1999 to the present.

22.    A document which contains the yearly aggregate RVU for the Malpractice Component for each payment locality in the United States for each year from 1999 to the present.

**The following requests ## 23 - 24 seek information relating to the Geographic Adjustment Factor ("GAF") for physicians' services established pursuant to 42 U.S.C. § 1395w-4(e)(2):**

23.    A document which contains the GAF for each county in the United States for each year from 1999 to the present.

24.    A document which contains the GAF for each payment locality in the United States for each year from 1999 to the present.

Centers for Medicare & Medicaid Services
December 7, 2006
Page 4

The following request # 25 seeks information relating to the "Conversion Factor" for physicians' services established pursuant to 42 U.S.C. § 1395w-4(d):

     25.    A document which contains the actual Conversion Factor used for payments to physicians from 1999 to the present.

In order to help to determine my status for purposes of determining the applicability of any fees, you should know that I am an attorney at the law firm of Corey, Luzaich, Pliska, de Ghetaldi & Nastari, and our address and contact information is stated at the letterhead of this letter.

I am willing to pay fees up the a maximum of $1,000.00. If you estimate that the fees will exceed this limit, please inform me first.

I request that the information I seek be provided in electronic format (such as in one or more Excel spreadsheets), and I would like to receive it on a CD-Rom.

Please contact me at the telephone number listed above, between the hours of 9 a.m. and 5 p.m., if necessary, to discuss any aspect of this request.

Thank you for your assistance with this request.

          Sincerely,

          Amanda L. Riddle

---

TRANSMISSION VERIFICATION REPORT

---

```
TIME  : 12/12/2006 11:24
NAME  : COREY,LUZAICH
FAX   : 6508714194
TEL   : 6508715666
SER.# : BROG3J575105
```

---

```
DATE,TIME          12/12  11:23
FAX NO./NAME       14107860474
DURATION           00:01:02
PAGE(S)            05
RESULT             OK
MODE               FINE
                   ECM
```

---



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Steven N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

### FAX TRANSMITTAL MEMO

December 12, 2006

TO:     Freedom of Information Group
        Center for Medicare and Medicare Services
        Office of Strategic Operations and Regulatory Affairs
        Room N2-20-16
        7500 Security Boulevard
        Baltimore, Maryland 21244-1850

        Fax Number: 410-786-0474

FROM:   Amanda L. Riddle

RE:     Freedom of Information Act Request

        Number of pages transmitted: 5

        Original to follow by mail: No

MESSAGE:

EXHIBIT B



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

January 12, 2007

**BY FACSIMILE ONLY**

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
Room N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act

Dear Freedom of Information Group:

I am writing to follow up on a FOIA request sent by this firm on December 11, 2006. The 20 business day response period has elapsed, but we have received no communication regarding our request.

Please advise whether the request has been granted, denied or whether the response time has been extended.  Thank you for your assistance in this regard.

Sincerely,

Amanda L. Riddle

```
┌─────────────────────────────────────────┐
│  TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
```

```
                    TIME   : 01/12/2007 13:20
                    NAME   : COREY,LUZAICH
                    FAX    : 6508714194
                    TEL    : 6508715666
                    SER.# : BROG3J575105
```

```
┌──────────────────────────────────────────────────────┐
│  DATE,TIME          01/12  13:19                       │
│  FAX NO./NAME       14107860474                        │
│  DURATION           00:00:24                           │
│  PAGE(S)            02                                 │
│  RESULT             OK                                 │
│  MODE               FINE                               │
│                     ECM                                │
└──────────────────────────────────────────────────────┘
```



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

## FAX TRANSMITTAL MEMO

January 12, 2007

TO:      Freedom of Information Group
         Center for Medicare and Medicare Services
         Office of Strategic Operations and Regulatory Affairs
         Room N2-20-16
         7500 Security Boulevard
         Baltimore, Maryland 21244-1850

         Fax Number: 410-786-0474

FROM:    Amanda L. Riddle

RE:      Freedom of Information Act Request

         Number of pages transmitted: 2

         Original to follow by mail: No

**EXHIBIT C**

DEPARTMENT OF HEALTH & 1    /AN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



CENTERS for MEDICARE & MEDICAID SERVICES

---

Office of Strategic Operations and Regulatory Affairs/ Freedom of Information Group

Refer to: C07FOI0597 (DJH)

January 26, 2007

Amanda Riddle
Corey, Luzaich, Pliska,
   DeGrhetaldi & Nastari
700 El Camino Real
Millbrae, CA 94030

Dear Ms. Riddle:

I am acknowledging receipt of your Freedom of Information Act (FOIA) request dated December 11, 2006. Because we receive a very heavy volume of FOIA requests, we have had to establish a policy of "first in, first out" case processing. This policy is consistent with court decisions regarding FOIA's time limits. Please be assured that a search has been initiated for records falling within the scope of your request. If any such records are located, they will be reviewed as soon as possible, and you will be notified of our decision regarding release or non-release of those documents.

If you believe that your request should be expedited for any reason; i.e., such as a court date involving litigation, deadline for commenting on proposed regulations or other urgent matters, please notify us in writing and provide as much relevant information as possible. When submitting this additional information, please refer to the case number listed at the top left-hand corner of this letter, and send it to: Freedom of Information Group, N2-20-16, 7500 Security Boulevard, Baltimore, Maryland 21244-1850.

We are authorized by law to collect fees for responding to FOIA requests and assume that you are willing to pay the fees we charge for processing this request. If at anytime the costs for processing your request are estimated to exceed $250, we will send you an invoice for the full estimated costs and suspend further processing until payment of the invoiced amount is received. If estimated processing costs do not exceed $250, then we will send you an invoice for actual costs with our response.

Sincerely yours,

Michael S. Marquis
Director
Freedom of Information Group

NOTE: Any questions regarding the status of this request should be directed to:
Danean Jones-Holman at (410) 786-9356

**EXHIBIT  D**



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

April 18, 2007

**BY FACSIMILE AND U.S. MAIL**

Ms. Danean Holman
Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act Request C07FOI0597(DJH)

Dear Ms. Holman:

As we have discussed a number of times on the telephone, this office sent a Freedom of Information Act request to CMS on December 11, 2006. The 20 business day response period, and the available 10 business day extension – which CMS did not inform us was being utilized – have long expired and we still have no response from CMS to our request. You have informed me on a number of occasions that the request has been forwarded to the search component, but they have not yet responded regarding the existence of the responsive documents. As I have explained, we filed a claim against CMS last month and the documents are relevant to the legal proceeding. It is imperative that we receive an official response from CMS immediately as to the status of our request and whether it will be granted or denied.

Please provide a response to the FOIA request as soon as possible.

Sincerely,

Amanda L. Riddle

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 04/18/2007 04:16
                                    NAME  : COREY,LUZAICH
                                    FAX   : 6508714194
                                    TEL   : 6508715666
                                    SER.# : BROG3J575105
```

```
DATE,TIME              04/18  04:16
FAX NO./NAME           14104860474
DURATION               00:00:00
PAGE(S)                00
RESULT                 BUSY
MODE                   FINE
```

BUSY: BUSY/NO RESPONSE



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

## FAX TRANSMITTAL MEMO

April 18, 2007

TO:        Danean Holman
           Freedom of Information Group
           Center for Medicare and Medicare Services
           Office of Strategic Operations and Regulatory Affairs
           Room N2-20-16
           7500 Security Boulevard
           Baltimore, Maryland 21244-1850

           Fax Number: 410-786-0474

FROM:      Amanda L. Riddle

RE:        Freedom of Information Act Request C07FOI0597(DJH)

           Number of pages transmitted: 2

           Original to follow by mail: No

EXHIBIT E



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

April 20, 2007

<u>BY EMAIL AND U.S. MAIL</u>

Ms. Danean Holman
Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory
Affairs
Freedom of Information Group
7500 Security Boulevard, North Building
Baltimore, Maryland 21244-1850

Ms. Jonnice McQuay
Centers for Medicare & Medicaid Services
Center for Medicare Management
7500 Security Boulevard, Central Building
Baltimore, Maryland 21244-1850

Re:     <u>Freedom of Information Act Request C07FOI0597(DJH)</u>

Dear Ms. Holman and Ms. McQuay:

I write to follow up on my telephone call of this morning with Ms. Holman and my voicemail to Ms. McQuay. As you both know, this office forwarded FOIA requests to CMS on December 11, 2006, and January 30, 2007. Ms. Holman explained to me this morning, and on numerous prior occasions, that at least the first of the two requests has been forwarded to the search component that she identified as probably having the information and documents we request. Ms. Holman informs me that the search component in this case is the Center for Medicare Management. Ms. Holman advised me that she has made a number of phone calls to the CMM regarding the status of our request, but that the search component has not provided a response to the request.

Ms. Holman informed me that Ms. McQuay is the FOIA Coordinator for CMM. Ms. Holman advised me that Ms. McQuay informed her that certain items that we request are accessible on the internet, but that the FIG has not received a written response from the CMM regarding the request, and that CMM has given no details as to the remainder of the information and documents that we request. I have also informed Ms. Holman that she should contact Stephanie Monroe at CMS as I understand she has knowledge of certain information and documents that we request.

Ms. Danean Holman
Ms. Jonnice McQuay
April 20, 2007
Page 2

I have also spoken with Ms. Monroe and the information that she provided me was inconsistent and nonsensical. She stated that she had seen our FOIA request and that the information that we request "does not exist." Specifically, she stated that CMS does not maintain Geographic Adjustment Factors and Geographic Practice Cost Indexes for each county in the United States, only for the payment localities, and that such county information is not used to compute the payment locality GPCIs and GAFs. Ms. Monroe also stated that CMS does not keep data as far back as 1999. She later stated that CMS *does* in fact maintain GPCI and GAF information for 220 counties in the United States and that the remainder of the counties are given a weighted average based on those figures. Ms. Monroe stated that if our FOIA request makes its way back to her she will simply copy the payment locality GPCI and GAF information from the back of the federal register and send that to us.

Ms. Monroe's response is not acceptable or reasonable. We already have the information contained in the addendums to the federal register and this information is not what our FOIA request seeks. The Freedom of Information Act allows us to obtain records and information within CMS's possession, custody and control, and is not limited to access to information that is already public. I know that certain of the information and documents requested, specifically information regarding the county GPCIs and GAFs, has been provided by CMS to the California Medical Association in the past. I also know that the county GPCIs are updated every three years and the county Relative Value Units annually. Such information is clearly necessary in order for CMS to calculate the GPCI and GAF figures for each physician payment locality. In addition, there is no dispute that CMS has the GPCI, GAF and RVU figures for each payment locality, however, we have not received a response to those items of our request that seek such information.

I would be happy to provide you with the document that we have in our possession that CMS created showing the RVUs, GPCIs and GAFs for each county in the United States if that will help with the search. Please let me know.

As I have informed you both, the information that we seek is pertinent to an ongoing claim against CMS, and it is imperative that we receive a written response to our request. Thank you for your efforts in this regard.

Sincerely,

Amanda L. Riddle

## Amanda Riddle

| | |
|---|---|
| **From:** | Amanda Riddle |
| **Sent:** | Friday, April 20, 2007 2:54 PM |
| **To:** | 'Jonnice.McQuay@cms.hhs.gov'; 'danean.jonesholman@cms.hhs.gov' |
| **Cc:** | Dario de Ghetaldi |
| **Subject:** | FOIA Request C0FOI0597 (DJH) |
| **Attachments:** | Letter to Holman and McQuay re FOIA Request (C0011834).PDF |

Ms. Holman and Ms. McQuay,

Attached please find my letter of today to you both.

Thank you for your assistance in this regard.

Amanda L. Riddle, Esq.
Corey, Luzaich, Pliska, de Ghetaldi & Nastari LLP
700 El Camino Real
Millbrae, CA 94030
650-871-5666 Phone
650-871-4144 Fax
alr@coreylaw.com

**EXHIBIT F**



### COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

May 3, 2007

<u>BY EMAIL AND U.S. MAIL</u>

Ms. Danean Holman
Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory
Affairs
Freedom of Information Group
7500 Security Boulevard, North Building
Baltimore, Maryland 21244-1850

Ms. Jonnice McQuay
Centers for Medicare & Medicaid Services
Center for Medicare Management
7500 Security Boulevard, Central Building
Baltimore, Maryland 21244-1850

Re:    <u>Freedom of Information Act Request C07FOI0597(DJH)</u>

Dear Ms. Holman and Ms. McQuay:

On April 20, 2007, I sent you both a letter seeking a response to the above referenced FOIA request as well as a status or response on our FOIA request sent on January 30, 2007. To date, I have received no response to either FOIA request or to my April 20, 2007, letter.

Enclosed please find a CD containing the document that we have in our possession that CMS created showing the RVUs, GPCIs and GAFs for each county in the United States. CMS forwarded this document to the California Medical Association. This document is evidence that CMS does in fact maintain RVUs, GPCIs and GAFs for each county in the United States, and should help with a response to our FOIA requests.

Again, the information we seek is pertinent to an ongoing claim against CMS, and it is imperative that we receive a complete response to the request.

Sincerely,

Amanda L. Riddle



2005 GPCI by County 011904budgetneutralized10-21-2004.xls

Author:  BCorrigan
Company:  KPMG LLP
Created:  Friday November 03, 2000 9:16:19 AM



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

January 30, 2007

**BY FACSIMILE ONLY**

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
Room N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act

Dear Freedom of Information Group:

This is a request under the Freedom of Information Act. **This request is being sent in replacement of the FOIA request sent by this office on January 29, 2007, which contained certain typographical errors, and incomplete information. Please disregard that January 29, 2007, request.**

This request is in addition to the FOIA request that I made on December 11, 2006, which has been assigned the case number C07FOI0597 (DJH), and has been assigned to Ms. Danean Jones-Holman. I request that a copy of the following documents, or documents containing the requested information, be provided to me, preferably in the form of an Excel spreadsheet if available.

1.    Documents sufficient to show the method by which Relative Value Unit ("RVU") weighted Geographic Practice Cost Indexes ("GPCI") were modified in 1996 to create statewide budget neutral GPCIs for application in 1997. (See Proposed Rule, 7/2/1996, 61 FR 34620; see also Final Rule, 11/22/1996, 61 FR 59494 ["The GPCIs for the new localities were calculated to be budget neutral within each State. That is, the same total physician fee schedule payment will be made within a State that would have been made if the current localities were retained."].)

Geno & Cindy Acevedo
January 29, 2007
Page 2

In order to help to determine my status for purposes of determining the applicability of any fees, you should know that I am an attorney at the law firm of Corey, Luzaich, Pliska, de Ghetaldi & Nastari, and our address and contact information is stated at the letterhead of this letter.

I am willing to pay fees up the a maximum of $1,000.00. If you estimate that the fees will exceed this limit, please inform me first.

I request that the information I seek be provided in electronic format (such as in one or more Excel spreadsheets), and I would like to receive it on a CD-Rom.

Please contact me at the telephone number listed above, between the hours of 9 a.m. and 5 p.m., if necessary, to discuss any aspect of this request.

Thank you for your assistance with this request.

Sincerely,

Amanda L. Riddle

```
┌──────────────────────────────────────┐
│ TRANSMISSION VERIFICATION REPORT      │
└──────────────────────────────────────┘
                                    TIME  : 01/30/2007 16:13
                                    NAME  : COREY,LUZAICH
                                    FAX   : 6508714194
                                    TEL   : 6508715666
                                    SER.# : BROG3J575105
```

```
DATE,TIME          01/30  16:13
FAX NO./NAME       14107860474
DURATION           00:00:33
PAGE(S)            03
RESULT             OK
MODE               FINE
                   ECM
```



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
### *Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi                    700 EL CAMINO REAL, P.O. BOX 669              Hon. Edward W. Pliska
Jerry E. Nastari                       MILLBRAE, CALIFORNIA 94030                       (1935-2006)
Amanda L. Riddle                   (650) 871-5666 • FAX (650) 871-4144          Xenophon Tragoutsis (Ret.)
Edward A. Daniels
Janet M. Li

### FAX TRANSMITTAL MEMO

January 30, 2007

TO:          Freedom of Information Group
             Center for Medicare and Medicare Services
             Office of Strategic Operations and Regulatory Affairs
             Room N2-20-16
             7500 Security Boulevard
             Baltimore, Maryland 21244-1850

             Fax Number: 410-786-0474

FROM:        Amanda L. Riddle

RE:          Freedom of Information Act Request

             Number of pages transmitted: 3

             Original to follow by mail: No

MESSAGE:

EXHIBIT  H



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
· MILLBRAE, CALIFORNIA 94030
(650) 871-5666 · FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

April 18, 2007

## BY FACSIMILE AND U.S. MAIL

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act Request

Dear Freedom of Information Group:

The enclosed Freedom of Information Act Request was sent to CMS by this office on January 30, 2007, by facsimile and U.S. mail. The 20 business day response period has lapsed with no communication or response from CMS at all regarding this request, not even informing us of the reference number that has been assigned to the request. I have left numerous voicemail messages on the Freedom of Information Group's voicemail, none of which have been returned. The information and documents requested in this request are pertinent to a legal proceeding. It is imperative that we receive an official response from CMS immediately as to the status of our request and whether it will be granted or denied.

Please provide a response to the FOIA request as soon as possible.

Sincerely,

Amanda L. Riddle



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

January 30, 2007

<u>**BY FACSIMILE ONLY**</u>

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
Room N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    <u>Freedom of Information Act</u>

Dear Freedom of Information Group:

This is a request under the Freedom of Information Act. **This request is being sent in replacement of the FOIA request sent by this office on January 29, 2007, which contained certain typographical errors, and incomplete information. Please disregard that January 29, 2007, request.**

This request is in addition to the FOIA request that I made on December 11, 2006, which has been assigned the case number C07FOI0597 (DJH), and has been assigned to Ms. Danean Jones-Holman. I request that a copy of the following documents, or documents containing the requested information, be provided to me, preferably in the form of an Excel spreadsheet if available.

1.    Documents sufficient to show the method by which Relative Value Unit ("RVU") weighted Geographic Practice Cost Indexes ("GPCI") were modified in 1996 to create statewide budget neutral GPCIs for application in 1997. (See Proposed Rule, 7/2/1996, 61 FR 34620; see also Final Rule, 11/22/1996, 61 FR 59494 ["The GPCIs for the new localities were calculated to be budget neutral within each State. That is, the same total physician fee schedule payment will be made within a State that would have been made if the current localities were retained."].)

Geno & Cindy Acevedo
January 29, 2007
Page 2

In order to help to determine my status for purposes of determining the applicability of any fees, you should know that I am an attorney at the law firm of Corey, Luzaich, Pliska, de Ghetaldi & Nastari, and our address and contact information is stated at the letterhead of this letter.

I am willing to pay fees up the a maximum of $1,000.00. If you estimate that the fees will exceed this limit, please inform me first.

I request that the information I seek be provided in electronic format (such as in one or more Excel spreadsheets), and I would like to receive it on a CD-Rom.

Please contact me at the telephone number listed above, between the hours of 9 a.m. and 5 p.m., if necessary, to discuss any aspect of this request.

Thank you for your assistance with this request.

Sincerely,

Amanda L. Riddle

```
TRANSMISSION VERIFICATION REPORT

                              TIME  : 04/18/2007 04:15
                              NAME  : COREY,LUZAICH
                              FAX   : 6508714194
                              TEL   : 6508715666
                              SER.# : BROG3J575105

DATE,TIME              04/18  04:14
FAX NO./NAME           14107860474
DURATION               00:00:44
PAGE(S)                04
RESULT                 OK
MODE                   FINE
                       ECM
```



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
### *Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

### FAX TRANSMITTAL MEMO

April 18, 2007

TO:        Freedom of Information Group
           Center for Medicare and Medicare Services
           Office of Strategic Operations and Regulatory Affairs
           Room N2-20-16
           7500 Security Boulevard
           Baltimore, Maryland 21244-1850

           Fax Number: 410-786-0474

FROM:      Amanda L. Riddle

RE:        Freedom of Information Act Request dated January 30, 2007

                    Number of pages transmitted: 4

                    Original to follow by mail: No

MESSAGE: