JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102
Telephone:     (415) 436-6909
Facsimile:     (415) 436-6748
Email: jonathan.lee@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendant. | No. C 07-2889 MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Date:   January 18, 2008<br>Time:   10:30 a.m.<br>Place:  Courtroom 7, 19th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA<br>Judge:  Hon. Maxine M. Chesney |

According to Northern District Civil Local Rule 16-9, requiring counsel to file a Joint Case Management Statement addressing all of the topics set forth in the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, dated March 1, 2007, the parties through their counsel file the following Joint Case Management Statement:

1. <u>Jurisdiction and Service</u>

The Court has jurisdiction under the Freedom of Information Act. Defendant has been served.

2. <u>Relevant Facts</u>

    a.    <u>Joint Statement of Facts</u>

This case concerns two requests for documents made by plaintiffs under FOIA, the first in December 2006 and the second in January 2007.

In January 2007, CMS' FOIA Group (FIG) referred plaintiffs' December 2006 FOIA requests to the Center for Medicare Management (CMM) because CMM develops and maintains Medicare's physician fee schedule (including components to recognize physician work, practice expense and malpractice) and related policies, including the geographic cost of practice index and the sustainable growth rate. CMM also manages the process for updating the relative value units used in the fee schedule. On January 31, 2007, CMS received Ms. Riddle's January 2007 FOIA request for additional related information. Due to the related subject matter of Ms. Riddle's second request, CMS combined her two FOIA requests together for processing purposes. On February 1, 2007, FIG forwarded Ms. Riddle's January 30, 2007 to CMM for search.

By March 7, 2007, CMM's FOIA Coordinator had been advised by personnel in CMM's Hospital & Ambulatory Policy Group, Division of Practitioner Services (HAPG/DPS), that items one through seventeen could be obtained from the internet and that additional information on a locality basis, but not a county basis, could be found in the Federal Register.

In April 2007, when plaintiffs raised the possibility that other current employees at CMM had additional information about the requested documents, CMS/FIG contacted those employees, principally Dr. Stephanie Monroe, Health Insurance Specialist, who confirmed that no responsive documents could be located for plaintiffs' requests.

Additionally, CMM referred the FOIA Group (FIG) to the Office of the Actuary (OACT), to search for potentially responsive information in June 2007. In early July 2007, OACT advised FIG that OACT had no responsive records for Ms. Riddle's request.

On July 20, 2007, FIG advised CMM that FIG had located a March 2005 Government Accountability Office (GAO) report that indicated that additional related information was available on the subject of GPCI's, specifically a March 2004 revised final report on the Fourth Update to the Geographic Practice Cost Index, prepared by CMS contractor BearingPoint. FIG requested CMM search for the 2004 report. On August 7, 2007, FIG received the March 2004

report from CMM. Upon reviewing the report, FIG learned of the existence of two additional reports which might prove generally informative to Ms. Riddle on the subject of updates to the GPCI's. FIG requested that CMM search for the following reports: (1) the March 2000 <u>Third Update to the Geographic Practice Cost Index</u>, prepared by KPMG, LLP, and; (2) the October 15, 2003 <u>Medicare Physician Fee Schedule Geographic Practice Cost Index (GPCIs) Malpractice Report</u>, prepared by BearingPoint. On August 9, 2007 and August 18, 2007 respectively, CMM provided FIG with copies of the above referenced March 2000 and October 2003 reports.

On August 20, 2007, FIG Director Michael S. Marquis responded to Ms. Riddle's January 30, 2007 FOIA request, advised that CMS was unable to locate any documents specifically responsive to her request and enclosed the November 1995 report from Health Economics Research Inc: <u>Assessment and Redesign of Medicare Fee Schedule Areas (Localities), Volume I</u>.

On August 27, 2007, Mr. Marquis responded to Ms. Riddle's December 11, 2006 request, within which Mr. Marquis advised Ms. Riddle that CMS was unable to locate responsive documents for items 1-9, and items 16-19 of her FOIA request. Mr. Marquis further advised that items 13-15 and item 24 were publicly available from the annual publication of the Medicare Physician Fee Schedule final rule in the Federal Register. Additionally, within that response, Mr. Marquis provided Ms. Riddle with the following documents and information: (1) the conversion factor responsive to item 25 of the FOIA request; (2) the three reports previously referenced, and; (3) an existing subset of data which had been created for the California Medical Association (CMA), which was partially responsive to items 10-12 and 20-23 of Ms. Riddle's request, in that it contained the 2006 Geographic Practice Cost Indexes (GPCI's), the Geographic Adjustment Factors (GAF's), and the Relative Value Units (RVU's) for physicians services for each county in the United States. Mr. Marquis also further clarified the circumstances regarding the existence of this data subset in that response, explaining that this subset of data had been an exceptional ad hoc data compilation for utilization as a research and analysis aid, and was not routinely created by CMS.

On September 5, 2007, FIG learned that the plaintiff had asserted that Robert Ulikowksi, a retired CMS employee, had indicated that the records requested by Ms. Riddle did exist.  In response to this allegation, FIG queried CMM staff and the San Francisco Regional Office regarding Mr. Ulikowski, his prior positions and responsibility with CMS, and any involvement Mr. Ulikowski may have had with updating the GPCI's during his tenure with the agency.  CMM confirmed that Mr. Ulikowski did work on GPCI issues during his employment at the CMS Baltimore Central Office, prior to Mr. Ulikowski transferring to the CMS San Francisco Regional office, and subsequently retiring from the agency.  Subsequent to that discussion, Health Insurance Specialist Rick Ensor of CMM was able to provide FIG with some archived county-level GPCI data on a compact disk (CD), for the 1999, 2002, and 2005 GPCI's, by searching the available archived records of Mr. Ulikowski, which data was then provided to plaintiffs' counsel.

On September 27, 2007, in a further effort by CMS to research Ms. Riddle's claim that records existed, Dr. Stephanie Monroe, Health Insurance Specialist, CMM queried CMM staff in the Provider Billing Group, Division of Data Systems, regarding the RVU file CMS sends to our contractors to use in the GPCI updates.  Dr. Monroe ascertained that this flat file held RVU data aggregated to the carrier level, but not county level RVU's.

Additionally, on October 1, 2007, Dr. Monroe consulted with retired CMS employee and current CMS contractor Leo Porter, to further discuss the availability of county-level RVU's, due to Mr. Porter's prior experience with this subject matter.  As a result of this meeting, it was ascertained that CMS possesses various analytic files which have been prepared by different employees, which contain RVU's at various points of aggregation, but not at the county level.

  b.  <u>Plaintiffs' Additional Facts</u>

County level data – GPCI's and RVU's specifically – is essential to the calculation of the locality data and the suppliers' fee schedule.  Plaintiffs are informed by Mr. Ulikowski that such data and documents containing that data do exist and are used by CMS.  Plaintiffs are in possession of a document provided by CMS to the California Medical Association that contains the relevant county data ***for each county in the nation*** for 1999, 2002, 2005 and 2006.

Joint CMC Statement
C 07-2889 MMC      -4-

In addition, Dr. Monroe's position regarding the lack of the existence of county level data is contradicted by her past comments to Ms. Riddle. On April 11, 2007, Ms. Riddle and Dr. Monroe spoke on the telephone. At first Dr. Monroe informed Ms. Riddle that the county level data that Plaintiffs seek does not exist, however, she later contradicted that statement, informing Ms. Riddle that CMS doesn't "have county level data for most of America, only for about 220 counties in the U.S." Dr. Monroe then stated that the rest of the counties "are given a weighted average based on that information." To date, none of the data for the 220 counties to which Dr. Monroe refers has been provided to Plaintiffs.

3. Legal Issues

DEFENDANT:

I. Have plaintiffs failed to exhaust administrative remedies when they failed to pursue the available administrative review of the processing of their requests, thwarting the ability of the agency to respond and either correct processing errors or make a record for review in this court? In re Steele, 799 F.2d 461, 466 (9th Cir. 1986) (citations omitted).

II. Whether CMS' search for the documents requested was adequate. Citizens Against UFO Secrecy, Inc. v. Department of Defense, No. 99-00108, slip op. at 8 (D. Ariz. March 30, 2000) (declaring that "[a] fruitless search result is immaterial if [d]efendant can establish that it conducted a search reasonably calculated to uncover all relevant documents"), aff'd, 21 F.App'x. 774 (9th Cir. 2001).

III. FOIA: Whether CMS 'improperly'; (2) 'withheld'; (3) 'agency records.'" See 5 U.S.C. § 552 (a)(4)(b).

IV. FOIA: Are plaintiffs' claims moot because CMS produced all non-exempt documents located after reasonably calculated search? Zemansky v. EPA, 767 F.2d 569, 571 (9th Cir.1985) ("In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith."); Tri-Valley Cares v. Department of Energy, 203 Fed.Appx. 105, 107 (9th Cir. 2006) (affirming summary judgment on same basis) and citing Papa v.

   U.S., 281 F.3d 1004, 1013 (9th Cir. 2002) (production, "however belatedly,"

   moots FOIA claims).

PLAINTIFF:

 I. Whether CMS' search for the documents requested was adequate. <u>Citizens Against UFO Secrecy, Inc. v. Department of Defense</u>, No. 99-00108, slip op. at 8 (D. Ariz. March 30, 2000) (declaring that "[a] fruitless search result is immaterial if [d]efendant can establish that it conducted a search reasonably calculated to uncover all relevant documents"), <u>aff'd</u>, 21 F.App'x. 774 (9th Cir. 2001).

 II. FOIA: Whether CMS 'improperly'; (2) 'withheld'; (3) 'agency records.'" <u>See</u> 5 U.S.C. § 552 (a)(4)(b).

 4. <u>Motions</u>

 Defendant: Defendant anticipates filing a motion to dismiss/motion for summary judgment on the adequacy of its search and exhaustion of remedies.

 Plaintiffs: Plaintiffs do not anticipate filing any motions at this time.

 5. <u>Amendment to the Pleadings</u>

 Defendant: None anticipated

 Plaintiff: None anticipated

 6. <u>Evidence Preservation</u>

 Defendant's counsel has issued an evidence preservation letter to CMS.

 7. <u>Disclosures</u>

 Defendant opposes initial disclosures and discovery generally (see #8 below). Plaintiffs do not oppose initial disclosures or discovery.

 8. <u>Discovery</u>

 Defendant opposes discovery and requests that discovery be stayed pending the outcome of defendant's anticipated motions. Plaintiffs intend to serve discovery.

 9. <u>Class Actions</u>

 See #10 below.

 10. <u>Related Cases</u>

1    Plaintiffs have also brought a class action lawsuit, titled <u>County of Santa Cruz, et al. v.
2 Leavitt, Secretary of the Department of Health and Human Services</u>, C 07-2888 MJJ, in which
3 they allege, under the Medicare Act, 42 U.S.C. § 1395ff(b)(1)(A), the Administrative Procedure
4 Act, 5 U.S.C. §§ 701-706, and the due-process and equal-protection components of the Fifth
5 Amendment, Secretary Leavitt should reconfigure all localities by applying the 5-percent
6 iterative method uniformly to all counties in the country, rather than to existing fee schedule
7 areas within a state.

    Defendant Leavitt's motion to dismiss has been briefed and a hearing before District Judge
Jenkins is scheduled for January 15, 2008.

11. <u>Relief Sought</u>

   Plaintiff's complaint seeks injunctive relief.

12. <u>Settlement and ADR</u>

   Defendant opposes ADR.  Plaintiffs support mediation in this matter and have tried to
   resolve this matter informally since filing with partial success.

13. <u>Consent to Magistrate Judge For All Purposes</u>

   Defendants contest, Plaintiffs do not.

14. <u>Other References</u>

   None at this time.

15. <u>Narrowing of Issues</u>

   See discussion of motions above.

16. <u>Expedited Schedule</u>

   None suggested.

17. <u>Scheduling</u>

   Defendant requests that following the Court's ruling on defendant's dispositive motions
the Court conduct a further case management conference, as necessary, and set case management
dates at that time.

18. <u>Trial</u>

Defendant requests that following the Court's ruling on defendant's dispositive motions the Court conduct a further case management conference, as necessary, and set case management dates at that time.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

Federal Defendant believes they are exempt from this requirement because they are federal governmental entities or federal officers.

20. <u>Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution</u>

None noted at this time.

DATED: January 11, 2008	COREY, LUZAICH, PLISKA, DEGHETALDI & NASTARI, LLP

/s/
DARIO DEGHETALDI, ESQ.
Attorneys for Plaintiffs

DATED: January 11, 2008	JOSEPH P. RUSSONIELLO
United States Attorney

/s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Federal Defendant

**PROPOSED ORDER**

DATED: _____	_____
THE HON. MAXINE M. CHESNEY
United States District Court Judge