JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

   450 Golden Gate Avenue, 9th Floor
   San Francisco, California 94102
   Telephone:   (415) 436-6909
   Facsimile:   (415) 436-6748
   Email: jonathan.lee@usdoj.gov

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al., ) | No. C 07-2889 MMC |
|     Plaintiffs, ) | **ANSWER** |
| v. ) | |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, ) ) | |
|     Defendant. ) | |

Answer to Complaint
C 07-2889 MMC                       -1-

The CENTERS FOR MEDICARE AND MEDICAID SERVICES, by and through its attorneys, answers and otherwise responds to the Complaint for Injunctive Relief as follows. All paragraph references are to the Complaint.

1. This paragraph contains plaintiffs' description of the Complaint, to which no response is required. To the extent a response is required, defendant admits that this action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for injunctive relief, seeking the release of certain records described by counsel Amanda Riddle on behalf of plaintiffs.

2. This paragraph contains plaintiffs' statement of the jurisdictional basis for this action, to which no response is required. To the extent that a response is required, the statement regarding jurisdiction is admitted. This paragraph contains plaintiffs' statement of the venue for this action, to which no response is required. To the extent that a response is required, defendant admits that venue is proper in this district.

3. Deny. Plaintiffs did not exhaust administrative remedies before filing this action because they did not file an administrative appeal with the CMS Deputy Administrator on the basis of constructive denial.

4. This paragraph is a description of one of the parties plaintiff, to which no response is required.

5. This paragraph is a description of one of the parties plaintiff, to which no response is required.

6. This paragraph is a description of one of the parties plaintiff, to which no response is required.

7. This paragraph is a description of one of the parties plaintiff, to which no response is required.

8. This paragraph is a description of one of the parties plaintiff, to which no response is required.

9. This paragraph is a description of one of the parties plaintiff, to which no response is required.

10. This paragraph is a description of one of the parties plaintiff, to which no response is

1  required.

2      11. Admit that Defendant Center for Medicare and Medicaid Services is a federal agency
3  responsible for the administration of Medicare and is an agency of the federal government as that
4  term is defined by 5 U.S.C. § 552(f).  The remainder of the paragraph is denied on the grounds
5  that CMS does not have "direction, control and access to the documents at issue in this matter"
6  which CMS advised plaintiffs in written responses dated August 20, 2007 and August 27, 2007.

7      12. Admit.

8      13. Admit.

9      14. Admit.

10     15. Admit.

11     16. Admit in part.  Defendant denies the allegation that "Ms. Holman estimated that this
12 process would take 10 days."  FOIA Specialist Danean Jones-Holman advised attorney Riddle
13 that CMS customarily extends ten days to the CMS program area tasked with the search to
14 respond to the CMS FOIA office.

15     17. Admit.

16     18. Admit.

17     19. Admit.

18     20. Admit.

19     21. Admit.

20     22. Defendant does not have sufficient information to admit or deny the allegations in  this
21 paragraph.

22     23. Defendant does not have sufficient information to admit or deny the allegations in  this
23 paragraph.

24     24. Admit that on March 20, 2007, attorney Riddle left a voicemail message for Ms. Jones-
25 Holman questioning the length of time it was taking for CMS to respond to the FOIA request and
26 seeking information on whether the request could be expedited.  Attorney Riddle also advised at
27 that time that a legal claim had been filed against the agency.  Ms. Jones-Holman returned
28 Attorney Riddle's call that day and advised her, by voicemail, that (1) the search for the

Answer to Complaint
C 07-2889 MMC                                    -3-

responsive documents was still ongoing and (2) expedited processing could be requested in writing, with supporting documentation, preferably by providing a scheduled court date. Ms. Jones-Holman also provided in the voicemail the facsimile number for the CMS FOIA Group.

25. Admit that on March 29, 2007, Ms. Jones-Holman provided a status update, advising that the search for responsive documents was still ongoing.

26. This is an allegation asserting that Plaintiffs' counsel became aware of certain information on a particular date. Defendant does not have sufficient information to admit or deny the allegations in this paragraph.

27. Admit that in early April 2007, plaintiffs' counsel advised Ms. Jones-Holman that plaintiffs' counsel believed Dr. Stephanie Monroe of CMS was knowledgeable about the information requested.

28. Admit in part. In April 2007, Dr. Monroe had a conversation with Attorney Riddle. Dr. Monroe advised Attorney Riddle that the majority of the requested information was not in the possession of CMS. Ms. Riddle stated she was contacting Dr. Monroe seeking assistance in obtaining the information requested by the FOIA request because the FOIA process was taking too long. Dr. Monroe advised Attorney Riddle that she did not have the authority to override or circumvent the FOIA process within CMS.

29. Admit in part. Dr. Monroe advised plaintiffs' counsel that the document in the possession of the California Medical Association was not a finalized document, and its purpose and function was not intended for rate-setting or other official purposes.

30. Admit that Plaintiffs' counsel and Dr. Monroe spoke again later on that same day. Deny that Dr. Monroe contradicted her prior statements. Dr. Monroe stated that CMS uses actual county level data for certain components that are used to establish locality GPCIs and she further explained that a CMS contractor acquires this information for use in calculating the GPCIs and that CMS is not in possession of the actual county level data used in the development of the GPCIs. Deny that Dr. Monroe stated "much has been done incorrectly" in the context of this discussion.

31. Admit that Dr. Monroe advised plaintiffs' counsel that payment locality data is publicly

available from the Federal Register.  Admit that Dr. Monroe reiterated that CMS did not possess the underlying raw data utilized by the contractor in their computations and calculations.

32. Admit.

33. Admit.

34. Deny.  Ms. Jones-Holman advised Attorney Riddle that she had not yet received a written response from the responding program area, the Centers for Medicare Management, and that she had been advised that some of the requested information could be obtained via the internet.  Ms. Jones-Holman did not state "she did not know why CMM was delayed in its response."

35. Deny.  Jonnice McQuay is the FOIA coordinator for all of the Centers for Medicare Management, which has subcomponents such as the Hospital and Ambulatory Policy Group (HAPG).  Each of these subcomponents has a designated point of contact for FOIA requests.  Since Attorney Riddle's request had been directed to the HAPG, Ms. McQuay forwarded Attorney Riddle's call to Barbara Lutz in HAPG, in an effort to facilitate Attorney Riddle's attempts to learn the status of the requests by speaking with someone who could better respond to her inquiries.

36. Admit that Attorney Riddle sent the referenced letter.  Deny that the letter accurately summarized the earlier conversations with Dr. Monroe.

37. Admit that Attorney Riddle sent the referenced letter.  The remainder of the paragraph is denied.

38. Deny.  FOIA Director Michael S. Marquis responded in writing to plaintiffs' counsel's two FOIA requests on August 20, 2007 and August 27, 2007 and provided responsive documents, to the extent any could be located following reasonable search efforts.

39. Admit that Attorney Riddle submitted a written request for documents concerning the 1996 GPCIs, which she advised was in addition to her December 11, 2006 FOIA request.  Defendant combined the two requests under one case number, due to their related nature.  Subsequently, defendant assigned the second request to its own case number and advised Attorney Riddle by letter dated July 13, 2007.

40. Admit.

1    41. Defendant has insufficient information to admit or deny the allegations in this paragraph.

2    42. Defendant has insufficient information to admit or deny the allegations in this paragraph.

3    43. Deny.  By letter dated August 20, 2007, FOIA Director Michael S. Marquis responded to
4    Plaintiff's counsel's April 18, 2007 letter.

5    44. Defendant incorporates its responses to paragraphs 1 through 40.

6    45. This paragraph contains a legal conclusion, to which no response is required.  To the
7    extent a response is required, defendant denies the allegation in this paragraph.

8    46. The allegations are denied, except to admit that CMS has direction, control and access to
9    certain documents potentially responsive to the referenced FOIA requests; all such documents
10   have been provided to plaintiff.

11   47. This paragraph contains a legal conclusion, to which no response is required.  To the
12   extent a response is required, defendant denies the allegation in this paragraph.

13   48.  This paragraph contains a legal conclusion, to which no response is required.  To the
14   extent a response is required, defendant denies the allegation in this paragraph.

15   49.  This paragraph contains a legal conclusion, to which no response is required.  To the
16   extent a response is required, defendant denies the allegation in this paragraph.

17   50.  This paragraph contains a legal conclusion, to which no response is required.  To the
18   extent a response is required, defendant denies the allegation in this paragraph.

19   51. Deny.  Plaintiffs did not exhaust administrative remedies before filing this action because
20   they did not file an administrative appeal with the CMS Deputy Administrator on the basis of
21   constructive denial.

22   52. This paragraph contains a legal conclusion, to which no response is required.  To the
23   extent a response is required, defendant denies the allegation in this paragraph.

24   PRAYER FOR RELIEF – No response is required to plaintiffs' Prayer for Relief.  To the
25   extent that a response is required, defendant specifically denies that plaintiff is entitled to the
26   relief requested, or to any relief at all.  Defendant specifically denies each allegation of plaintiffs'
27   complaint not otherwise answered.

28

Answer to Complaint
C 07-2889 MMC                                  -6-

**AFFIRMATIVE DEFENSES**

1. Plaintiffs failed to exhaust administrative remedies.
2. Defendant's search was diligent, in good faith, and reasonable in scope, and therefore the complaint should be dismissed.
3. Defendant provided all responsive documents within its custody or control.
4. The requested documents are exempted from disclosure by provisions of FOIA and case law interpreting those provisions.
5. Data captured and/or used by a contractor is not an agency record under FOIA.
6. Reconfiguring or retrieving information into an electronic format favored by the requesting party is not required by an agency responding to a FOIA request.
7. There was no violation of FOIA under its terms or controlling precedent interpreting its terms.

Wherefore, defendant respectfully requests that this action be dismissed with prejudice and that the Court grant defendant such other relief as may be appropriate.

DATED: January 11, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/
JONATHAN U. LEE
Assistant United States Attorney
Attorneys for Federal Defendant