Dario de Ghetaldi - Bar No. 126782
Jerry E. Nastari - Bar No. 151756
Amanda L. Riddle - Bar No. 215221
COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
700 El Camino Real
P.O. Box 669
Millbrae, California 94030-0669
Telephone: (650) 871-5666
Facsimile: (650) 871-4144

Plaintiffs' Co-Counsel
[Other Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, COUNTY OF SONOMA, COUNTY OF SANTA BARBARA, COUNTY OF MARIN, COUNTY OF SAN DIEGO, COUNTY OF SAN LUIS OBISPO, and the COUNTY OF MONTEREY,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendants. | CASE NO. C 07-02889 MMC<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**<br><br>**FREEDOM OF INFORMATION ACT [5 U.S.C. § 552(a)(3)(A)]** |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") for injunctive and other appropriate relief to compel the disclosure and release of documents improperly withheld from Plaintiffs by the Centers for Medicare and Medicaid Services.

## JURISDICTION AND VENUE

2. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

/ / /

1

3. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies with respect to their December 11, 2006, January 30, 2007, and July 17, 2007, FOIA requests because Defendant CMS failed to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6).

**PARTIES**

4. Plaintiff County of Santa Cruz is a political subdivision of the State of California. The Board of Supervisors of the County of Santa Cruz is both the legislative and executive authority of the county and has authorized this action.

5. Plaintiff County of Sonoma is a political subdivision of the State of California. The Board of Supervisors of the County of Sonoma is both the legislative and executive authority of the county and has authorized this action.

6. Plaintiff County of Marin is a political subdivision of the State of California. The Board of Supervisors of the County of Marin is both the legislative and executive authority of the county and has authorized this action.

7. Plaintiff County of San Diego is a political subdivision of the State of California. The Board of Supervisors of the County of San Diego is both the legislative and executive authority of the county and has authorized this action.

8. Plaintiff County of Santa Barbara is a political subdivision of the State of California. The Board of Supervisors of the County of Santa Barbara both the legislative and executive authority of the county and has authorized this action.

9. Plaintiff County of San Luis Obispo is a political subdivision of the State of California. The Board of Supervisors of the County of San Luis Obispo is both the legislative and executive authority of the county and has authorized this action.

10. Plaintiff County of Monterey is a political subdivision of the State of California. The Board of Supervisors of the County of Monterey is both the legislative and executive authority of the county and has authorized this action.

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

11. Defendant Center for Medicare and Medicaid Services ("CMS") is the agency responsible for the administration of Medicare, and is an agency within the definition stated in 5 U.S.C. § 552(f).

## STATEMENT OF FACTS

### Plaintiffs' First FOIA Request Dated December 11, 2006

12. On December 12, 2006, Plaintiffs submitted a written FOIA request by facsimile to CMS' Freedom of Information Group ("FIG") in Baltimore, Maryland, requesting various documents or documents containing specific information related to CMS' physician fee schedule ("Plaintiffs' First FOIA Request").[1] A true and correct copy of Plaintiffs' First FOIA Request is attached hereto as Exhibit 1.

13. Receiving no response or acknowledgment of receipt of the FOIA request from CMS, on January 12, 2007, Plaintiffs' counsel wrote a letter to FIG pointing out that the 20 business day response period specified in 5 U.S.C. §552(a)(6)(A) had lapsed with no communication from CMS regarding the request. Plaintiffs' counsel requested advisement as to whether the request had been granted, denied or whether the response time had been extended. A true and correct copy of the January 12, 2007, letter is attached hereto as Exhibit 2.

14. On or about January 22, 2007, having received no response from FIG, Plaintiffs' counsel phoned FIG and was informed that the request had been assigned to Danean Jones-Holman and given the reference number C07FOI0597(DJH).

15. On January 26, 2007, Plaintiffs' counsel spoke with Ms. Holman by telephone. Ms. Holman informed Plaintiffs' counsel that Plaintiffs' First FOIA Request was assigned to her on January 22, 2007. Ms. Holman stated that she had forwarded the request to the division of CMS that she believed had or could locate the responsive documents (the "Search Component"), and was waiting for an itemized cost estimate for production of the responsive documents. Ms. Holman estimated that this process would take 10 days.

/ / /

---

[1] The request is dated December 11, 2006, but was faxed on December 12, 2006.

16. On or about January 26, 2007, Plaintiffs' counsel received a letter from FIG acknowledging receipt of Plaintiffs' First FOIA Request, but which contained no indication that the statutory response time had been extended. A true and correct copy of FIG's January 26, 2007, letter is attached hereto as Exhibit 3.

17. On February 9, 2007, Plaintiffs' counsel left Ms. Holman a voicemail message inquiring about the status of Plaintiffs' First FOIA Request.

18. On February 13, 2007, Ms. Holman left Plaintiffs' counsel a voicemail message stating that she was still waiting for the Search Component to provide her a response to the request or an itemized cost estimate. Ms. Holman stated that she sent follow-up emails to the Search Component on February 6, 2007, and February 12, 2007.

19. On February 28, 2007, Plaintiffs' counsel left a voicemail for Ms. Holman requesting a status report.

20. On March 1, 2007, Plaintiffs' counsel received a voicemail from Ms. Holman stating that she had sent a second request to the Search Component for a response to Plaintiffs First FOIA Request and an itemized cost estimate.

21. On March 12, 2007, Plaintiffs' counsel left a voicemail for Ms. Holman requesting a status report.

22. On March 15, 2007, Plaintiffs' counsel left Ms. Holman a voicemail informing her that Plaintiffs' had now filed a claim against CMS and that the documents requested in Plaintiffs' First FOIA Request were pertinent to that claim.

23. Having received no response from Ms. Holman, on March 21, 2007, Plaintiffs' counsel left Ms. Holman another voicemail explaining that the documents requested in Plaintiffs' First FOIA Request were related to a legal claim filed against CMS.

24. On March 26, 2007, Ms. Holman left Plaintiffs' counsel a voicemail stating that the Search Component is still searching for the responsive documents and that she expects a status report from the Search Component that afternoon.

/ / /

/ / /

25.   On or about April 3, 2007, Plaintiffs' counsel received information that Stephanie Monroe of CMS may have knowledge of the whereabouts of the documents sought in Plaintiffs' First FOIA Request and could be of assistance with the search.

26.   On April 3, 2007, Plaintiffs' counsel left Ms. Holman a voicemail providing her with Ms. Monroe's contact information and requesting that she contact Ms. Monroe to assist with the search for the responsive documents.

27.   On or about April 12, 2007, Plaintiffs' counsel spoke with Ms. Monroe by telephone. Ms. Monroe informed Plaintiffs' counsel that she had seen a copy of Plaintiffs' First FOIA Request and that the information sought "does not exist." Ms. Monroe stated that CMS does not keep GPCI and GAF data at the county level, only at the payment locality level, and that it does not keep data as far back as 1999.

28.   During that telephone conversation, Plaintiffs' counsel informed Ms. Monroe that Plaintiffs are in possession of a detailed document they believed was created by CMS and which shows the county level GPCI and GAF data for each county in the United States. This document was provided by CMS to the California Medical Association ("CMA") and shows that CMS does indeed maintain such data at the county level. Ms. Monroe stated that she is familiar with the document and that it is "not official data," that it was "an experiment and not intended for publication," and that it was created by a CMS contractor making a lot of assumptions.

29.   Plaintiffs' counsel and Ms. Monroe spoke again later on that same day. At that time Ms. Monroe contradicted her prior statement, admitting that CMS does indeed have actual county level GPCI and GAF data for 220 counties in the United States and that the remaining counties are given a weighted average based on that data. As a result, Ms. Monroe stated, "much has been done incorrectly." Ms. Monroe stated that county level data was not used in the computation of payment locality GPCI and GAF numbers.

30.   Plaintiffs' counsel reminded Ms. Monroe that Plaintiffs' First FOIA Request also seeks payment locality data, and that Ms. Monroe's comments clearly indicate that CMS possesses responsive documents or information to those portions of the request. Ms. Monroe stated that the best source of the information sought is the public information listed in the Federal Register. Ms.

1  Monroe stated that if she receives a request from FIG to respond to the FOIA request she will simply
2  photocopy the data in the addenda of the Federal Register and produce the copies.  When Plaintiffs'
3  counsel inquired about the underlying data that was used in the calculation of the locality-level figures
4  in the Federal Register, Ms. Monroe stated that "[she] does not have it and no one else [she] know[s]
5  has it."

6        31.    On April 18. 2007, Plaintiffs' counsel sent a letter to Ms. Holman stating that it is
7  imperative that CMS provide an official response to Plaintiffs' First FOIA Request immediately.  A
8  true and correct copy of the April 18, 2007, letter is attached hereto as Exhibit 4.

9        32.    On April 20, 2007, Ms. Holman telephoned Plaintiffs' counsel and stated that she has
10 contacted the Search Component on a number of occasions regarding the status of the request, but
11 has not yet received a response in writing.  Ms. Holman informed Plaintiffs' counsel that she had been
12 authorized to inform Plaintiffs' counsel that the Search Component is the Center for Medicare
13 Management ("CMM") and the FOIA coordinator for CMM is Jonnice McQuay.

14       33.    Ms. Holman stated that she has spoken with Ms. McQuay who had indicated that
15 certain items on the request were available, but that despite Ms. Holman's efforts she has been unable
16 to secure a written response from CMM.  Ms. Holman was unable to provide a date certain for
17 response to the request and stated that she did not know why CMM was delayed in its response.

18       34.    Plaintiffs' counsel then telephoned and left a voicemail for Ms. McQuay seeking a
19 response to Plaintiffs' First FOIA Request.  Ms. McQuay never responded to the voicemail.

20       35.    On April 20, 2007, Plaintiffs' counsel sent a letter to Ms. Holman and Ms. McQuay,
21 confirming the earlier telephone conversation with Ms. Holman and accurately summarizing both of
22 her April 12, 2007, telephone conversations with Ms. Monroe.  Plaintiffs' counsel again requested
23 an immediate response to Plaintiffs' First FOIA Request.  A true and correct copy of the April 20,
24 2007, letter is attached hereto as Exhibit 5.

25       36.    On May 3, 2007, having received no response to Exhibit 5, Plaintiffs' counsel again
26 wrote to Ms. Holman and Ms. McQuay, enclosing a CD containing an Excel file entitled "2005 GPCI
27 by County 011904budgetneutralized 10-21-2004.xls."  Plaintiffs are informed and believe that the file
28 was created by or for CMS and sent to the CMA on or about December 29, 2004.  The file contains

county-level GAF, GPCI, and RVU data for each county in the United States. A true and correct copy of the letter of May 3, 2007, and the CD are attached hereto as Exhibit 6.

37. On August 20, 2007, FIG provided a partial response to Plaintiffs' First FOIA Request.[2] The August 23, 2007, letter erroneously states that the file contained on the CD:

> "was created on a one-time, exceptional basis by CMS' former contractor KPMG, LLP, for the primary purpose of functioning as a research guide and analysis aid. This prior data compilation consists not only of CMS data, but also incorporates data from other outside sources. CMS does not routinely create, or instruct our contractors to create, this special dataset on a regular basis."

With the letter dated August 23, 2007, FIG included some printed material that was not responsive to any of the items contained in Plaintiffs' First FOIA Request. A true and correct copy of the letter of August 23, 2007, is attached hereto as Exhibit 7.

38. On August 27, 2007, FIG provided a second partial response to Plaintiffs' First FOIA Request. Enclosed with the letter was information that was partially responsive to Plaintiffs' First FOIA Request. A true and correct copy of the letter of August 27, 2007, is attached hereto as Exhibit 8.

39. On November 2, 2007, FIG provided a third partial response to Plaintiffs' First FOIA Request. Enclosed with the letter was information that was partially responsive to Plaintiffs' First FOIA Request. A true and correct copy of the letter of November 2, 2007, is attached hereto as Exhibit 9.

40. On January 7, 2008, Plaintiffs sent Defendant's counsel a letter detailing why Request ## 1-12 and 16-23 contained in Plaintiffs' First FOIA Request had not been adequately addressed. A true and correct copy of the letter of January 7, 2008, is attached hereto as Exhibit 10.

41. Although the agency now denies that data showing county-level GPCIs, RVUs, and GAFs exists or that it has possession of such data, in the past the agency has provided Excel spreadsheets to the CMA containing the requested data for every county in the United States for the years 1999, 2002, 2005, and 2006. When the agency denied the existence of the county-level data

---

[2] The letter states that it is responsive to Plaintiffs' FOIA request dated January 30, 2007. However, the substantive content of the letter refers to requests contained in Plaintiffs' December 11, 2006, FOIA request.

7

requested in Plaintiffs' First FOIA Request, plaintiffs transmitted a CD to the agency containing a spreadsheet with 2005 county-level data (see Complaint, Ex. 6). In response, the agency then took the position that the 2005 data was "created on a one time basis" for the CMA (see Complaint, Ex. 7) even though emails to and from agency personnel during the relevant time period do not support the agency's current position.

42. Locality-level GPCIs, RVUs and GAFs are aggregates of county-level GPCIs, RVUs, and GAFs. This is confirmed by the agency's own description of the process (unchanged in its use of county-level data as the basic building blocks since 1992) in 68 FR 49030, 49039-49044 (8/15/2003) and 69 FR 47488, 47502-47504 (8/5/2004). As the agency itself stated in 69 FR 47504, "All three of the [GPCIs] for a specific fee schedule locality are based on the [GPCIs] for the individual counties within the respective fee schedule localities."

43. The fact that locality-level GPCIs, RVUs and GAFs are aggregates of county-level GPCIs, RVUs, and GAFs is also confirmed by the extensive description of the data aggregation process contained in the "Fourth Update to the Geographic Practice Cost Index" (BearingPoint, 3/12/2004), a study by an independent contractor prepared for the agency.

44. Plaintiffs have confirmed with Shannon Slawter, one of the principal authors of the "Fourth Update," that county-level data was routinely used to create the locality-level data.

45. Plaintiffs have also confirmed with Daniel Krevis, the person currently in charge of Medicare accounts at BearingPoint (the contractor that produced the "Fourth Update") that the company routinely transmits all data compiled in creating all Medicare reports to the agency and considers that data proprietary to the agency.

46. Plaintiffs have confirmed with Robert Ulikowski, a former supervisory employee of the agency who was responsible for developing much of the methodology underlying the Physician Fee Schedule under Part B of Medicare, that county-level data was provided to the agency on a regular basis by its contractors and that data had been forwarded to the CMA several times in the past. Mr. Ulikowski also confirmed that files containing yearly county-level RVU data had been maintained by Leo Porter at the agency.

/ / /

47. Finally, plaintiffs are in possession of extensive email correspondence to or from the following current and former agency personnel which evidences those persons' knowledge of the existence of the county-level data and the agency's possession of that data: Frederick "Rick" Ensor, Jeff Flick, Herb Kuhn, Stephanie Monroe, Stephen Phillips, and Robert Ulikowski. For example, in an email dated January 4, 2005, Stephanie Monroe wrote: "In general these [county-level data] files come from contractors and are not designed for public release – we do send them to people who ask but they are not generally available."

**Plaintiffs' Second FOIA Request Dated January 30, 2007**

48. On January 30, 2007, Plaintiffs' submitted a second FOIA request to FIG ("Plaintiffs' Second FOIA Request"). The request was submitted by facsimile pursuant to CMS procedure. A true and correct copy of the January 30, 2007, request is attached hereto as Exhibit 11.

49. On March 12, 2007, Plaintiffs' counsel left a voicemail on the FIG main voicemail requesting a status on Plaintiffs' Second FOIA Request. Plaintiffs' counsel received no response.

50. On March 21, 2007, Plaintiffs' counsel left a voicemail on the FIG main voicemail requesting a status on Plaintiffs' Second FOIA Request. Plaintiffs' counsel received no response.

51. On April 18, 2007, Plaintiffs' counsel sent a letter to FIG indicating that the 20 business day response period had lapsed with no communication or response from FIG. The letter explained that the documents requested were pertinent to a legal proceeding, and that it is imperative that a response to Plaintiffs' Second FOIA Request be provided as soon as possible. A true and correct copy of the April 18, 2007, letter is attached hereto as Exhibit 12. Plaintiffs' counsel received no response to this letter.

52. On July 13, 2007, Plaintiffs' counsel received a letter from FIG acknowledging receipt of Plaintiffs' Second FOIA Request. A true and correct copy of the July 13, 2007, letter is attached hereto as Exhibit 13.

53. To date, Plaintiffs have not received further communications from FIG or CMS regarding Plaintiffs' Second FOIA Request and have not received any kind of substantive response to Plaintiffs' Second FOIA Request.

/ / /

9

**Plaintiffs' Third FOIA Request Dated July 17, 2007**

54. On July 17, 2007, Plaintiffs' submitted a third FOIA request to FIG ("Plaintiffs' Third FOIA Request"). The request was submitted by facsimile pursuant to CMS procedure. A true and correct copy of the July 17, 2007, request is attached hereto as Exhibit 14.

55. On July 25, 2007, Plaintiffs' counsel received a letter from FIG acknowledging receipt of Plaintiffs' Third FOIA Request. A true and correct copy of the July 25, 2007, letter is attached hereto as Exhibit 15.

56. On July 30, 2007, Plaintiffs' counsel responded to FIG's July 25, 2007, letter and explained why Plaintiffs had asked for an expedited response to Plaintiffs' Third FOIA Request. A true and correct copy of the July 30, 2007, letter is attached hereto as Exhibit 15.

57. On April 17, 2008, Plaintiffs' counsel received an email from Defendant's counsel indicating that no response had been made to Plaintiffs' Third FOIA Request because: "The agency understood these requests to be duplicative of earlier requests, which had been responded to in November 2007 or of the additional information provided in this litigation."

58. To date, Plaintiffs have not received further communications from FIG or CMS regarding Plaintiffs' Third FOIA Request and have not received any kind of substantive response to Plaintiffs' Third FOIA Request.

**FIRST CLAIM FOR RELIEF**

**Violation of Freedom of Information Act (5 U.S.C. § 552)**

59. Plaintiffs hereby incorporate Paragraphs 1 through 58 by reference as though fully set forth herein.

60. Defendant CMS has wrongfully withheld documents, or documents containing the information requested in Plaintiffs' First, Second, and Third FOIA Requests.

61. Defendant CMS has direction, control and access to the documents requested in Plaintiffs' First, Second, and Third FOIA Requests.

62. Defendant CMS violated 5 U.S.C. § 552(a)(3)(A) by failing to make the records requested by Plaintiffs promptly available.

/ / /

63. Defendant CMS violated 5 U.S.C. § 552(a)(3)(B) by failing to provide all records that are readily reproducible by the agency in the form or format requested by Plaintiffs.

64. Defendant CMS violated 5 U.S.C. § 552(a)(3)(C) by failing to make a reasonable effort to search for the records requested in Plaintiffs' First, Second, and Third FOIA Requests.

65. Defendant CMS improperly withheld agency records in violation of 5 U.S.C. § 552 (a)(4)(b).

66. Defendant CMS violated 5 U.S.C. § 552(a)(6)(A) by failing to timely respond to Plaintiffs' First, Second, and Third FOIA Requests.

67. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiffs have exhausted their administrative remedies with respect to Plaintiffs' First, Second, and Third FOIA Requests because Defendant CMS failed to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6).

68. Plaintiffs are entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that this Court:

A. Issue an order compelling Defendant to immediately respond to Request ## 1-12 and 16-23 contained in Plaintiffs' FOIA request dated December 11, 2006, in their entirety, and immediately disclose all responsive documents in their entirety;

B. Issue an order compelling Defendant to immediately respond to Plaintiffs' FOIA requests dated January 30, 2007, and July 17, 2007, in their entirety, and immediately disclose all responsive documents in their entirety;

C. Award Plaintiffs costs and reasonable attorneys' fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E);

D. Grant such other and further relief as this Court may deem just and proper.

Dated: July 25, 2008

COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

By:       /s/
DARIO DE GHETALDI, ESQ.,
Attorneys for Plaintiffs

1

**OTHER CO-COUNSEL FOR ALL PLAINTIFFS**

2

Colleen Duffy Smith - Bar No. 161163
3  MORGAN DUFFY-SMITH & TIDALGO, LLP
1960 The Alameda, Suite 220
4  San Jose, CA  95126
Telephone: (408) 244-4570
5  Facsimile: (408) 423-8830
Email: cduffysmith@mdstlaw.com
6
Michael G. Reedy - Bar No. 161002
7  MCMANIS FAULKNER
50 West San Fernando Street, Suite 1000
8  San Jose, CA 95113
Telephone: (408) 279-8700
9  Facsimile: (408) 279-3244
Email: mreedy@mcmanisfaulkner.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

**ADDITIONAL COUNSEL FOR INDIVIDUAL PLAINTIFFS**

| | |
|---|---|
| Dana M. McRae - Bar No. 142231<br>Santa Cruz County Counsel<br>Office of the County Counsel<br>Government Center, County of Santa Cruz<br>701 Ocean Street, Room 505<br>Santa Cruz, CA 95060<br>Tel: 831-454-2040<br>Fax: 831-454-2115<br>Email: dana.mcrae@co.santa-cruz.ca.us<br>Attorneys for the County of Santa Cruz | Dennis Marshall - Bar No. 116347<br>Santa Barbara County Counsel<br>Celeste E. Andersen - Bar No. 141965<br>Deputy Santa Barbara County Counsel<br>Office of the County Counsel<br>105 East Anapamu, Suite 201<br>Santa Barbara, CA 93101<br>Tel: 805-568-2950<br>Fax: 805-568-2982<br>Email: cander@co.santa-barbara.ca.us<br>Attorneys for the County of Santa Barbara |
| Steven M. Woodside - Bar No. 58684<br>Sonoma County Counsel<br>Office of the County Counsel<br>575 Administration Drive, Suite 105A<br>Santa Rosa, CA 95403<br>Tel: 707-565-2421<br>Fax: 707-565-2624<br>Email: swoodsid@sonoma-county.org<br>Attorneys for the County of Sonoma | R. Wyatt Cash - Bar No. 47563<br>San Luis Obispo County Counsel<br>Rita L. Neal - Bar No. 151156<br>Deputy San Luis Obispo County Counsel<br>Office of the County Counsel<br>1055 Monterey Street, Suite D320<br>San Luis Obispo, CA 93408<br>Tel: 805-781-5400<br>Fax: 805-781-4221<br>Email: rneal@co.slo.ca.us<br>Attorneys for the County of San Luis Obispo |
| John J. Sansone - Bar No. 103060<br>San Diego County Counsel<br>Office of the County Counsel<br>County Administration Center<br>1600 Pacific Highway, Room 355<br>San Diego, CA 92101<br>Tel: 619-531-4860<br>Fax: 619-531-6005<br>Email: john.sansone@sdcounty.ca.gov<br>Attorneys for the County of San Diego | Charles J. McKee - Bar No. 152458<br>Monterey County Counsel<br>William M. Litt - Bar No. 166614<br>Deputy Monterey County Counsel<br>Office of the County Counsel<br>168 West Alisal Street, 3rd Floor<br>Salinas, CA 93901<br>Tel: 831-755-5045<br>Fax: 831-755-5283<br>Email: littwm@co.monterey.ca.us<br>Attorneys for the County of Monterey |
| Patrick K. Faulkner - Bar No. 70801<br>Marin County Counsel<br>Jack F. Govi - Bar No. 88483<br>Assistant Marin County Counsel<br>Mari-Ann Gibbs Rivers - Bar No. 117053<br>Deputy Marin County Counsel<br>Office of the County Counsel<br>3501 Civic Center Drive, Suite 303<br>San Rafael, CA 94903<br>Tel: 415-499-6117<br>Fax: 415-499-3796<br>Email: mrivers@co.marin.ca.us<br>Attorneys for the County of Marin | |

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

**INDEX TO EXHIBITS**

*Exhibits Relating to Plaintiffs' First FOIA Request*

1. Plaintiffs' First FOIA Request, 12/11/2006
2. Letter from Amanda L. Riddle to FIG, 1/12/2007
3. Letter from Michael S. Marquis to Amanda L. Riddle, 1/26/2007
4. Letter from Amanda L. Riddle to Danean Holman, 4/18/2007
5. Letter from Amanda L. Riddle to Danean Holman and Jonnice McQuay, 4/20/2007
6. Letter from Amanda L. Riddle to Danean Holman and Jonnice McQuay, 5/3/2007
7. Letter from Michael S. Marquis to Amanda L. Riddle, 8/20/2007
8. Letter from Michael S. Marquis to Amanda L. Riddle, 8/27/2007
9. Letter from Michael S. Marquis to Amanda L. Riddle, 11/2/2007
10. Letter from Dario de Ghetaldi to Jonathan U. Lee, 1/7/2008

*Exhibits Relating to Plaintiffs' Second FOIA Request*

11. Plaintiffs' Second FOIA Request, 1/30/2007
12. Letter from Amanda L. Riddle to FIG, 4/18/2007
13. Letter from Michael S. Marquis to Amanda L. Riddle, 7/13/2007

*Exhibits Relating to Plaintiffs' Third FOIA Request*

14. Plaintiffs' Third FOIA Request, 7/17/2007
15. Letter from Michael S. Marquis to Dario de Ghetaldi, 7/25/2007
16. Letter from Dario de Ghetaldi to Michael S. Marquis, 7/30/2007

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF