**EXHIBIT 1**



### COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

December 11, 2006

**BY FACSIMILE ONLY**

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
Room N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act

Dear Freedom of Information Group:

This is a request under the Freedom of Information Act. I request that a copy of the following documents, or documents containing the requested information, be provided to me, preferably in the form of an Excel spreadsheet if available.

**The following requests ## 1 - 16 seek information contained in CMS indexes established pursuant to 42 U.S.C. § 1395w-4(e)(1) reflecting the three Geographic Practice Cost Indexes ("GPCI") for physicians' services described in 42 U.S.C. § 1395w-5(e)(1)(A):**

1.    A document which contains the GPCI for physician work effort for each county in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

2.    A document which contains the GPCI for physician practice expense for each county in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

3.    A document which contains the GPCI for physician malpractice expense for each county in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

Centers for Medicare & Medicaid Services
December 7, 2006
Page 2

    4.    A document which contains the GPCI for physician work effort for each payment locality in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

    5.    A document which contains the GPCI for physician practice expense for each payment locality in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

    6.    A document which contains the GPCI for physician malpractice expense for each payment locality in the United States for each year from 1999 to the present prior to each such GPCI being adjusted by the application of a national budget neutral scaler.

    7.    A document which contains the national budget neutral scaler used to adjust the GPCI for physician work effort for each year from 1999 to the present.

    8.    A document which contains the national budget neutral scaler used to adjust the GPCI for physician practice expense for each year from 1999 to the present.

    9.    A document which contains the national budget neutral scaler used to adjust the GPCI for physician malpractice expense for each year from 1999 to the present.

    10.    A document which contains the GPCI for physician work effort for each county in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

    11.    A document which contains the GPCI for physician practice expense for each county in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

    12.    A document which contains the GPCI for physician malpractice expense for each county in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

    13.    A document which contains the GPCI for physician work effort for each payment locality in the United States for each year from 1999 to the present prior adjusted by the application of a national budget neutral scaler.

    14.    A document which contains the GPCI for physician practice expense for each payment locality in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

Centers for Medicare & Medicaid Services
December 7, 2006
Page 3

15.    A document which contains the GPCI for physician malpractice expense for each payment locality in the United States for each year from 1999 to the present adjusted by the application of a national budget neutral scaler.

16.    A document which contains the calculations used in the determination of the value of the 2007 adjuster for the GPCI for physician work effort.

**The following requests ## 17 - 22 seek information relating to the three Relative Value Units ("RVU") for physicians' services established pursuant to 42 U.S.C. § 1395w-4(c):**

17.    A document which contains the yearly aggregate RVU for the Work Component for each county in the United States for each year from 1999 to the present.

18.    A document which contains the yearly aggregate RVU for the Practice Expense Component for each county in the United States for each year from 1999 to the present.

19.    A document which contains the yearly aggregate RVU for the Malpractice Component for each county in the United States for each year from 1999 to the present.

20.    A document which contains the yearly aggregate RVU for the Work Component for each payment locality in the United States for each year from 1999 to the present.

21.    A document which contains the yearly aggregate RVU for the Practice Expense Component for each payment locality in the United States for each year from  1999 to the present.

22.    A document which contains the yearly aggregate RVU for the Malpractice Component for each payment locality in the United States for each year from 1999 to the present.

**The following requests ## 23 - 24 seek information relating to the Geographic Adjustment Factor ("GAF") for physicians' services established pursuant to 42 U.S.C. § 1395w-4(e)(2):**

23.    A document which contains the GAF for each county in the United States for each year from 1999 to the present.

24.    A document which contains the GAF for each payment locality in the United States for each year from 1999 to the present.

Centers for Medicare & Medicaid Services
December 7, 2006
Page 4

**The following request # 25 seeks information relating to the "Conversion Factor" for physicians' services established pursuant to 42 U.S.C. § 1395w-4(d):**

      25.    A document which contains the actual Conversion Factor used for payments to physicians from 1999 to the present.

      In order to help to determine my status for purposes of determining the applicability of any fees, you should know that I am an attorney at the law firm of Corey, Luzaich, Pliska, de Ghetaldi & Nastari, and our address and contact information is stated at the letterhead of this letter.

      I am willing to pay fees up the a maximum of $1,000.00. If you estimate that the fees will exceed this limit, please inform me first.

      I request that the information I seek be provided in electronic format (such as in one or more Excel spreadsheets), and I would like to receive it on a CD-Rom.

      Please contact me at the telephone number listed above, between the hours of 9 a.m. and 5 p.m., if necessary, to discuss any aspect of this request.

      Thank you for your assistance with this request.

                Sincerely,

                Amanda L. Riddle

**EXHIBIT  2**



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

January 12, 2007

**BY FACSIMILE ONLY**

Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
Room N2-20-16
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act

Dear Freedom of Information Group:

I am writing to follow up on a FOIA request sent by this firm on December 11, 2006. The 20 business day response period has elapsed, but we have received no communication regarding our request.

Please advise whether the request has been granted, denied or whether the response time has been extended. Thank you for your assistance in this regard.

Sincerely,

Amanda L. Riddle

**EXHIBIT 3**

DEPARTMENT OF HEALTH & 1⁄4AN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



Office of Strategic Operations and Regulatory Affairs/ Freedom of Information Group

Refer to:  C07FOI0597 (DJH)

January 26, 2007

Amanda Riddle
Corey, Luzaich, Pliska,
   DeGrhetaldi & Nastari
700 El Camino Real
Millbrae, CA 94030

Dear Ms. Riddle:

I am acknowledging receipt of your Freedom of Information Act (FOIA) request dated December 11, 2006.  Because we receive a very heavy volume of FOIA requests, we have had to establish a policy of "first in, first out" case processing.  This policy is consistent with court decisions regarding FOIA's time limits.  Please be assured that a search has been initiated for records falling within the scope of your request.  If any such records are located, they will be reviewed as soon as possible, and you will be notified of our decision regarding release or non-release of those documents.

If you believe that your request should be expedited for any reason; i.e., such as a court date involving litigation, deadline for commenting on proposed regulations or other urgent matters, please notify us in writing and provide as much relevant information as possible.  When submitting this additional information, please refer to the case number listed at the top left-hand corner of this letter, and send it to: Freedom of Information Group, N2-20-16, 7500 Security Boulevard, Baltimore, Maryland 21244-1850.

We are authorized by law to collect fees for responding to FOIA requests and assume that you are willing to pay the fees we charge for processing this request.   If at anytime the costs for processing your request are estimated to exceed $250, we will send you an invoice for the full estimated costs and suspend further processing until payment of the invoiced amount is received. If estimated processing costs do not exceed $250, then we will send you an invoice for actual costs with our response.

Sincerely yours,

Michael S. Marquis
Director
Freedom of Information Group

NOTE:  Any questions regarding the status of this request should be directed to: Danean Jones-Holman at (410) 786-9356

**EXHIBIT 4**



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

April 18, 2007

**BY FACSIMILE AND U.S. MAIL**

Ms. Danean Holman
Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory Affairs
Freedom of Information Group
7500 Security Boulevard
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act Request C07FOI0597(DJH)

Dear Ms. Holman:

As we have discussed a number of times on the telephone, this office sent a Freedom of Information Act request to CMS on December 11, 2006. The 20 business day response period, and the available 10 business day extension – which CMS did not inform us was being utilized – have long expired and we still have no response from CMS to our request. You have informed me on a number of occasions that the request has been forwarded to the search component, but they have not yet responded regarding the existence of the responsive documents. As I have explained, we filed a claim against CMS last month and the documents are relevant to the legal proceeding. It is imperative that we receive an official response from CMS immediately as to the status of our request and whether it will be granted or denied.

Please provide a response to the FOIA request as soon as possible.

Sincerely,

Amanda L. Riddle

**EXHIBIT 5**



## COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP
*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

April 20, 2007

**BY EMAIL AND U.S. MAIL**

Ms. Danean Holman
Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory
Affairs
Freedom of Information Group
7500 Security Boulevard, North Building
Baltimore, Maryland 21244-1850

Ms. Jonnice McQuay
Centers for Medicare & Medicaid Services
Center for Medicare Management
7500 Security Boulevard, Central Building
Baltimore, Maryland 21244-1850

Re:    Freedom of Information Act Request C07FOI0597(DJH)

Dear Ms. Holman and Ms. McQuay:

I write to follow up on my telephone call of this morning with Ms. Holman and my voicemail to Ms. McQuay. As you both know, this office forwarded FOIA requests to CMS on December 11, 2006, and January 30, 2007. Ms. Holman explained to me this morning, and on numerous prior occasions, that at least the first of the two requests has been forwarded to the search component that she identified as probably having the information and documents we request. Ms. Holman informs me that the search component in this case is the Center for Medicare Management. Ms. Holman advised me that she has made a number of phone calls to the CMM regarding the status of our request, but that the search component has not provided a response to the request.

Ms. Holman informed me that Ms. McQuay is the FOIA Coordinator for CMM. Ms. Holman advised me that Ms. McQuay informed her that certain items that we request are accessible on the internet, but that the FIG has not received a written response from the CMM regarding the request, and that CMM has given no details as to the remainder of the information and documents that we request. I have also informed Ms. Holman that she should contact Stephanie Monroe at CMS as I understand she has knowledge of certain information and documents that we request.

Ms. Danean Holman
Ms. Jonnice McQuay
April 20, 2007
Page 2

I have also spoken with Ms. Monroe and the information that she provided me was inconsistent and nonsensical. She stated that she had seen our FOIA request and that the information that we request "does not exist." Specifically, she stated that CMS does not maintain Geographic Adjustment Factors and Geographic Practice Cost Indexes for each county in the United States, only for the payment localities, and that such county information is not used to compute the payment locality GPCIs and GAFs. Ms. Monroe also stated that CMS does not keep data as far back as 1999. She later stated that CMS *does* in fact maintain GPCI and GAF information for 220 counties in the United States and that the remainder of the counties are given a weighted average based on those figures. Ms. Monroe stated that if our FOIA request makes its way back to her she will simply copy the payment locality GPCI and GAF information from the back of the federal register and send that to us.

Ms. Monroe's response is not acceptable or reasonable. We already have the information contained in the addendums to the federal register and this information is not what our FOIA request seeks. The Freedom of Information Act allows us to obtain records and information within CMS's possession, custody and control, and is not limited to access to information that is already public. I know that certain of the information and documents requested, specifically information regarding the county GPCIs and GAFs, has been provided by CMS to the California Medical Association in the past. I also know that the county GPCIs are updated every three years and the county Relative Value Units annually. Such information is clearly necessary in order for CMS to calculate the GPCI and GAF figures for each physician payment locality. In addition, there is no dispute that CMS has the GPCI, GAF and RVU figures for each payment locality, however, we have not received a response to those items of our request that seek such information.

I would be happy to provide you with the document that we have in our possession that CMS created showing the RVUs, GPCIs and GAFs for each county in the United States if that will help with the search. Please let me know.

As I have informed you both, the information that we seek is pertinent to an ongoing claim against CMS, and it is imperative that we receive a written response to our request. Thank you for your efforts in this regard.

Sincerely,

Amanda L. Riddle

**EXHIBIT 6**



COREY, LUZAICH, PLISKA, DE GHETALDI & NASTARI LLP

*Attorneys at Law*

George R. Corey
Stevan N. Luzaich
Dario de Ghetaldi
Jerry E. Nastari
Amanda L. Riddle
Edward A. Daniels
Janet M. Li

700 EL CAMINO REAL, P.O. BOX 669
MILLBRAE, CALIFORNIA 94030
(650) 871-5666 • FAX (650) 871-4144
*www.coreylaw.com*

Hon. Edward W. Pliska
(1935-2006)
Xenophon Tragoutsis (Ret.)

May 3, 2007

**BY EMAIL AND U.S. MAIL**

Ms. Danean Holman
Centers for Medicare & Medicaid Services
Office of Strategic Operations and Regulatory
Affairs
Freedom of Information Group
7500 Security Boulevard, North Building
Baltimore, Maryland 21244-1850

Ms. Jonnice McQuay
Centers for Medicare & Medicaid Services
Center for Medicare Management
7500 Security Boulevard, Central Building
Baltimore, Maryland 21244-1850

Re:     Freedom of Information Act Request C07FOI0597(DJH)

Dear Ms. Holman and Ms. McQuay:

      On April 20, 2007, I sent you both a letter seeking a response to the above referenced FOIA request as well as a status or response on our FOIA request sent on January 30, 2007. To date, I have received no response to either FOIA request or to my April 20, 2007, letter.

      Enclosed please find a CD containing the document that we have in our possession that CMS created showing the RVUs, GPCIs and GAFs for each county in the United States. CMS forwarded this document to the California Medical Association. This document is evidence that CMS does in fact maintain RVUs, GPCIs and GAFs for each county in the United States, and should help with a response to our FOIA requests.

      Again, the information we seek is pertinent to an ongoing claim against CMS, and it is imperative that we receive a complete response to the request.

Sincerely,

Amanda L. Riddle



**EXHIBIT  7**

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



Office of Strategic Operations and Regulatory Affairs/ Freedom of Information Group

Refer to:  C07FOI1725 (DJH)

AUG  2 0 2007

Amanda Riddle
Corey, Luzaich, Pliska, de Ghetaldi & Nastarie LLP
700 El Camino Real
P.O. Box 669
Millbrae, California 94030

Dear Ms. Riddle:

I am responding to your January 30, 2007, Freedom of Information Act (FOIA) request, which
you submitted to the Centers for Medicare & Medicaid Services (CMS). Within that request,
you sought the following records: documents sufficient to show the method by which Relative
Value unit ("RVU)" weighted Geographic Practice Cost Indexes ("GPCI") were modified in
1996 to create statewide budget neutral GPCIs for application in 1997.

After a careful search of the files of CMS, i.e., a search reasonably calculated to locate
documents responsive to your request and employing reasonable search standards, we were
unable to locate any documents specifically responsive to your request. While your
April 20, 2007 and May 3, 3007 correspondence to this office referred to a document in the
possession of the California Medical Association which contained some of the categories of
information you had requested as proof that CMS is in possession of these categories of data, I
have been advised that the particular compilation of data to which you referred was created on a
one-time, exceptional basis by CMS' former contractor KPMG, LLP, for the primary purpose of
functioning as a research guide and analysis aid.  This prior data compilation consists not only of
CMS data, but also incorporates data from other outside sources. CMS does not routinely create,
or instruct our contractors to create, this special dataset on a regular basis.

During the course of our agency's search, however, we located a copy of the following final
report submitted to the Health Care Financing Administration by Health Economics Research,
Inc. on November 1, 1995: Assessment and Redesign of Medicare Fee Schedule Areas
(Localities), Volume I.  We have enclosed this volume (the only volume of the final report
maintained within CMS' files) as it may be of interest to you.  This report is only available in
hardcopy format and is not available in the electronic format you requested.

Page 2 – Amanda Riddle

If you believe our response constitutes an adverse determination, you have the right to file an administrative appeal. Your appeal should be mailed within 30 days of the date of this letter to: The Deputy Administrator, Centers for Medicare & Medicaid Services, Room C5-16-03, 7500 Security Boulevard, Baltimore, Maryland 21244-1850. Please mark your envelope "Freedom of Information Act Appeal" and enclose a copy of this letter with your appeal.

I hope the enclosed report will be of assistance to you, and there is no charge for processing this request.

Sincerely yours,

Michael S. Marquis
Director
Freedom of Information Group

Enclosure

**EXHIBIT 8**

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



**Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group**

Refer to:  C07FOI0597 (DJH)

August 27, 2007

VIA OVERNIGHT MAIL

Amanda Riddle
Corey, Luzaich, Pliska, DeGhetaldi & Nastari
700 El Camino Real
P.O. Box 669
Millbrae, California   94030

Dear Ms. Riddle:

I am responding to your December 11, 2006, Freedom of Information Act (FOIA) request which you submitted to this office, requesting the following information:

a.    Item numbers 1 through 16 seeking information contained in the Centers for Medicare & Medicaid Services (CMS) indexes established pursuant to 42 U.S. C. § 1395w-4(e)(1) reflecting the three Geographic Practice Cost Indexes (GPCI) for physicians' services from 1999 to the present;

b.    Item numbers 17 through 22 seeking information relating to the three Relative Value Units (RVU) for  physicians' established pursuant to 42 U.S. C. § 1395w-4(c) from 1999 to present;

c.    Item numbers 23 through 24 seeking information relating to the Geographic Adjustment Factor (GAF) for physicians' services established pursuant to 42 U.S.C. § 1395w-4(e)(2) from 1999 to present;

d.    Item number 25 seeking information relating to the "Conversion Factor" for physicians' services established pursuant to 42 U.U.S.C. § 1395w-4(d) from 1999 to present.

During the course of our agency's search, we forwarded your FOIA request to the Division of Practitioner Services, Hospital and Ambulatory Policy Group, Center for Medicare Management, and also to the Office of the Actuary.  In performing a thorough search of CMS files, i.e., a search reasonably calculated to locate documents responsive to your request and employing reasonable search standards, we were unable to locate responsive documents in regards to specific items in your request. Our agency is not in possession of the information you requested for item numbers 1-9 and item numbers 16-19.  The information requested in items 13-15 and item 24 is publicly available, in that it is published in the Federal Register, in the Medicare Physician Fee Schedule Final rule, which is generally published in the November preceding the beginning of the next calendar year.

Page 2 – Amanda Riddle

Your April 20, 2007 and May 3, 3007 correspondence to Ms. Danean Jones-Holman and Ms. Jonnice McQuay referred to a document in the possession of the California Medical Association which contained some of the categories of information you had requested, as proof that CMS is in possession of these categories of data. I have been advised that the particular compilation of data to which you referred was created on a one-time, exceptional basis by CMS' former contractor KPMG, LLP, for the primary purpose of functioning as a research guide and analysis aid. This prior data compilation consists not only of CMS data, but also incorporates data from other outside sources. CMS does not routinely create, or instruct our contractors to create, this special dataset on a regular basis.

I am enclosing a copy of the above referenced document in its entirety, which is partially responsive to items 10-12 and items 20-23 of your request, in that it contains the Geographic Practice Cost Indexes (2006), the Geographic Adjustment Factor (2006) and the Relative Value Units (2002) reflecting physicians' services for each county in the United States.

Additionally, during the course of our search we located the following three reports, which are enclosed: the March 13, 2000 Third Update to the Geographic Practice Cost Index (74 pages), prepared by our former contractor KPMG, LLP; the October 15, 2003 Medicare Physician Fee Schedule Geographic Practice Cost Index Malpractice Report, prepared by our former contractor BearingPoint, and; the March 12, 2004 Fourth Update to the Geographic Practice Cost Index (72 pages), also prepared by BearingPoint. These reports are available only in hardcopy format and are not available in the electronic format you requested. Additionally, please be advised that although these reports do contain references to supporting raw data utilized by our contractors to calculate these indices, some of which is described as being on a county level, we have been informed that CMS was not provided with this data and it is not in our possession.

In response to item 25, which seeks a document which contains the actual conversion factor used for payments to physicians from 1999 to the present, the following information is provided:

       1999 - $34.732
       2000 - $36.614
       2001 - $38.258
       2002 - $36.1992
       2003 - $36.7856
       2004 - $37.3374
       2005 - $37.8975
       2006 - $37.8975
       2007 - $37.8975

This information is available in the final physician fee schedule regulations published annually, and for many of the requested years this information is also available on the CMS website

Page 3 – Amanda Riddle

If you have reason to disagree with this decision, you may appeal.  Your appeal should be mailed within 30 days of the date of this letter to:  The Deputy Administrator, Centers for Medicare & Medicaid Services, Room C5-16-03, 7500 Security Boulevard, Baltimore, Maryland  21244-1850. Please mark your envelope "Freedom of Information Act Appeal" and enclose a copy of this letter.

I hope the enclosed records and reports will be of assistance to you, and there is no charge for processing this request.

Sincerely,

Michael S. Marquis
Director
Freedom of Information Group

Enclosures