IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>    Defendants.<br>_____/ | No. C-07-2889 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are defendant Centers for Medicare and Medicaid Services' ("CMS") Motion to Dismiss, filed December 23, 2008, and Motion for Summary Judgment, also filed December 23, 2008. With respect to each motion, plaintiffs have filed opposition, to which CMS has replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, hereby VACATES the hearings scheduled for March 27, 2009, and rules as follows.

**DISCUSSION**

**A.  Motion to Dismiss**

Contrary to plaintiffs' argument, plaintiffs' claims arising from plaintiffs' July 2, 2008 request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, are subject to dismissal, for the reason that plaintiffs have failed to exhaust their administrative remedies in connection with such request. See Hymen v. Merit Sys. Prot. Bd., 799 F.2d 1421, 1423 (9th Cir. 1986) (noting "FOIA requires that administrative appeals be exhausted before suit may be brought in federal court"). In particular, it is undisputed that plaintiffs have failed to

1  pay the full amount of the search fees assessed by CMS with respect to the July 2, 2008
2  request.  See Ogelsby v. U.S. Dep't of Army, 920 F.2d 57, 66 (D.C. Cir. 1990) (holding
3  "[e]xhaustion does not occur until the required fees are paid or an appeal is taken from the
4  refusal to waive fees").[1]
5        Contrary to CMS's argument, CMS has failed to show it is an improper party to the
6  instant action.  Although CMS notes it is part of the Department of Health and Human
7  Services, CMS has failed to demonstrate it is not an "establishment in the executive branch
8  of the government."  See 5 U.S.C. § 552(f)(1) (providing definition of "agency" under FOIA
9  includes "any executive department, military department, Government corporation,
10  Government controlled corporation, or other establishment in the executive branch of the
11  government (including the Executive Office of the President), or any independent regulatory
12  agency"); see also Pharm. Research & Mfrs. of Am. v. Walsh, 538 U.S. 644, 650 n.3 (2003)
13  (noting ""[t]he Centers for Medicare & Medicaid Services (CMS) is the agency administering
14  the Medicaid program on behalf of the Secretary [of Health and Human Services]").
15        Accordingly, to the extent CMS seeks dismissal of plaintiffs' claims arising out of
16  plaintiffs' July 2, 2008 FOIA request, CMS's motion to dismiss will be granted; to the extent
17  CMS seeks dismissal of CMS as a defendant to the instant action, CMS's motion to dismiss
18  will be denied.
19  **B.   Motion for Summary Judgment**
20      **1.   Adequacy of Search**
21        In a FOIA case, in order to meet its burden on summary judgment, an agency must
22  "demonstrate it has conducted a search reasonably calculated to uncover all relevant
23  documents."  See Zemansky v. U.S. Envtl. Prot. Agency, 767 F.2d 569, 571 (9th Cir. 1985)
24  (internal quotation and citation omitted).  In support of its argument that it conducted such a
25
26      [1]Although plaintiffs argue that CMS's failure to respond to plaintiffs' letter concerning
27  the fees assessed, coupled with plaintiffs' partial payment of such fees, indicates plaintiffs have exhausted their administrative remedies (see Opp'n to Mot. to Dismiss at 5:19-6:3),
28  plaintiffs have failed to cite any authority suggesting such circumstances are sufficient to support such a finding.

1 search here, CMS relies on the declarations of Michael S. Marquis ("Marquis"), Director of
2 CMS's "FOIA Group," and Jonathan U. Lee ("Lee"), counsel for CMS.  As set forth below,
3 however, such declarations are inadequate, as they fail to sufficiently describe "what
4 records were searched, by whom, and through what process."  See Steinberg v. U.S. Dep't
5 of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994); see also Ogelsby, 920 F.2d at 68 (holding "a
6 reasonably detailed affidavit, setting forth the search terms and the type of search
7 performed, and averring that all files likely to contain responsive materials (if such records
8 exist) were searched, is necessary to allow a FOIA requester an opportunity to challenge
9 the adequacy of the search and to allow the district court to determine if the search was
10 adequate in order to grant summary judgment"); Weisberg v. U.S. Dep't of Justice, 627
11 F.2d 365, 371 (D.C. Cir. 1980) (holding agency affidavits that "do not denote which files
12 were searched or by whom, do not reflect any systematic approach to document location,
13 and do not provide information specific enough to allow [the plaintiff] to challenge the
14 procedures utilized" insufficient to meet agency's burden of demonstrating adequacy of
15 search).
16     In the Marquis Declaration, much of the description of CMS's search efforts consists
17 of statements that "components" of CMS, to which plaintiffs' requests were referred,
18 advised CMS's FOIA Group, without further elaboration, that they did not possess
19 responsive documents.  (See Marquis Decl. ¶¶ 10-11, 13-14, 21.).  Such statements are
20 insufficient to carry CMS's burden.  See, e.g., Kean v. Nat'l Aeronautics & Space Admin.,
21 480 F. Supp. 2d 150, 156-57 (D.D.C. 2007) (finding descriptions of searches "inadequate"
22 where searches conducted by "various departments" within agency and descriptions "[did]
23 not contain any details regarding which databases or records were searched, and what
24 methodology or search terms were used").  Other portions of the Marquis Declaration
25 describe the FOIA Group's receipt of information from a named employee to the effect that
26 certain documents were not in that employee's possession (see Marquis Decl. ¶ 21), that a
27 specific "flat file" did not contain responsive documents (see id. ¶ 26), and that certain data
28 did not exist in the format requested by plaintiffs (see id. ¶ 28).  None of such statements,

3

however, sheds any light on the "process," see Steinberg, 23 F.3d at 552, used by CMS to conduct the search. Additionally, although Marquis, in another instance, both names the employee who conducted a portion of the search and briefly describes the files searched by such person (see Marquis Decl. ¶ 29 (reporting search of "the available archived records" of former employee), Marquis again fails to describe the process used to conduct such search. Further, in no instance does Marquis describe the filing systems employed by any of the CMS components whose records assertedly were searched. See Church of Scientology of Cal. v. IRS, 792 F.2d 146, 151 (D.C. Cir. 1986) (noting adequate affidavit "would presumably identify the searched files and describe at least generally the structure of the agency's file system which makes further search difficult").

The Lee Declaration likewise is insufficient to carry CMS's burden. Although such declaration identifies by name a number of CMS employees with whom Lee spoke and who reported to him the absence of documents (see Lee Decl. ¶ 14), the declaration fails to describe what records were searched or how any such search was conducted, see Steinberg, 23 F.3d at 552; further, the declaration fails to describe any relevant filing system, see Church of Scientology, 792 F.2d at 151.[2]

Accordingly, on the record before the Court at this time, CMS has failed to show it is entitled to summary adjudication of the adequacy of its search.[3] The Court will, however, afford CMS an opportunity to supplement its showing as to such issue. See, e.g., Weiner v. FBI, 943 F.2d 972, 979 (9th Cir. 1991) (remanding for submission of more detailed

---

[2]Similarly unavailing is CMS's argument (a) that its delay in processing plaintiffs' requests is not evidence its search was inadequate, (b) that CMS was not required to speak to former employees regarding the location of documents, (c) that CMS spent a large amount of time searching for responsive documents, and (d) that CMS produced numerous documents to plaintiffs. CMS cites to no case suggesting such factors, either individually or in combination, serve to excuse a party's failure to adequately describe the search conducted.

[3]In light of such finding, the Court does not reach plaintiffs' argument that CMS's search was conducted in bad faith. The Court notes, however, that a department "is not required by [FOIA] to account for documents which the requester has in some way identified if it has made a diligent search for those documents in the places in which they might be expected to be found." See Miller v. U.S. Dep't of State, 779 F.2d 1378, 1385 (8th Cir. 1985).

4

1  agency affidavit).

**2.    Withholding of Documents**

CMS withheld portions of two documents under 5 U.S.C. § 552(b)(4) (see Marquis Decl. ¶ 42) and the entirety of a third document under 5 U.S.C. § 552(b)(5) (see Marquis Decl. ¶ 38).  Plaintiffs do not challenge the withholding of such documents, and, consequently, to the extent CMS seeks summary adjudication of the propriety of the withholding of such documents, CMS's motion for summary judgment will be granted.

**CONCLUSION**

For the reasons set forth above,

1. CMS's Motion to Dismiss is hereby GRANTED in part and DENIED in part, as follows:

   a. To the extent CMS seeks dismissal of plaintiffs' claims arising out of plaintiffs' July 2, 2008 FOIA request, the motion is GRANTED and such claims are DISMISSED without prejudice.

   b. In all other respects, the motion is DENIED.

2. CMS's Motion for Summary Judgment is hereby GRANTED in part and DENIED in part, as follows:

   a. To the extent CMS seeks summary judgment with respect to its withholding of documents pursuant to 5 U.S.C. § 552(b)(4) and (b)(5), CMS's motion for summary judgment is GRANTED.

   b. To the extent CMS seeks summary judgment with respect to the adequacy of its search, CMS's motion for summary judgment is DENIED.  Such denial, however, is without prejudice to CMS's filing, no later than May 15, 2009, a renewed motion for summary judgment in which CMS supports the adequacy of its search with one or more declarations providing the additional detail discussed above.

**IT IS SO ORDERED.**

Dated: March 26, 2009

MAXINE M. CHESNEY
United States District Judge