IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CRUZ, et al., | No. C-07-2889 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM PREMATURE DISCOVERY** |
| v. | |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, | |
| Defendant. | |

     Before the Court is defendant Centers for Medicare and Medicaid Services' ("CMS") Motion for Relief from Premature Discovery, filed April 10, 2009, by which CMS requests a stay of discovery until after CMS files its renewed motion for summary judgment and plaintiffs demonstrate discovery is "necessary and appropriate." (See Mot. at 8:5.) Plaintiffs have filed opposition, to which CMS has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for May 15, 2009, and rules as follows.

     In an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, a district court "may allow the government to move for summary judgment before the plaintiff conducts discovery," see Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008). Indeed, "[c]ourts routinely delay discovery until after summary judgment in such cases."

See id.[1]

Here, while acknowledging that the question of "whether a particular FOIA case warrants discovery . . . can usually only be determined after a defendant files a dispositive motion and accompanying affidavits," plaintiffs nonetheless argue they are entitled to discovery at this time, on the ground that the Court previously denied part of CMS's initial motion for summary judgment on the issue of compliance. (See Opp'n at 12:25-13:2.) In so ruling, however, the Court afforded CMS an opportunity to file, no later than May 15, 2009, a renewed motion for summary judgment, for the purpose of providing additional evidence with respect to the adequacy of its search. (See Order filed Mar. 26, 2009 at 5.) Under such circumstances, the Court's denial of CMS's prior motion, without more, is insufficient to justify discovery at this time. See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 65 (D.D.C. 2002) (denying plaintiff's request for discovery where agency affidavits were "deficient" but agency was afforded opportunity to file "a renewed motion for summary judgment addressed to the adequacy of search issue").[2]

Accordingly, CMS's motion is hereby GRANTED, and discovery is hereby STAYED, without prejudice to plaintiffs' filing, in response to CMS's renewed motion for summary judgment, a request for discovery pursuant to Federal Rule of Civil Procedure 56(f).

**IT IS SO ORDERED.**

Dated: May 12, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiffs' argument that CMS has failed to meet the requisite burden of proof for issuance of a protective order is unavailing. Plaintiffs have cited no authority suggesting the showing necessary for a protective order is a prerequisite for a stay of discovery in a FOIA case. Similarly, the Court is not persuaded by plaintiffs' argument that the requested stay is foreclosed by CMS's failure to seek such relief until after plaintiffs had served a deposition subpoena on a third party witness.

[2] In light of the above determination, the Court does not reach CMS's argument that the above-referenced subpoena (see Lee Decl. Ex. A at unnumbered 4) was issued in violation of the Civil Local Rules of this district and/or that it seeks testimony and documents that are not relevant to the instant action and are duplicative of plaintiffs' FOIA requests.